Ralph Edward PHILLIPS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15622.

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1971.

Phillip H. Leonard, Duncan, for plaintiff in error.

Atty. Gen., Robert D. Nelon, Legal Intern, for defendant in error.

NIX, Judge:

Plaintiff in error, Ralph Edward Phillips, hereinafter referred to as defendant, was convicted on a jury verdict of second degree burglary, after former conviction of a felony, in the District Court of Stephens County, Case No. CRF–69–85. Judgment and sentence fixing defendant's punishment at 20 years imprisonment was imposed on September 19, 1969, and this appeal perfected therefrom.

Defendant raises two issues on appeal. First, the trial court committed error in overruling his motion to suppress evidence regarding defendant's admission of guilt made to the arresting officers without benefit of counsel and evidence resulting therefrom. Second, that it was error to instruct regarding prison "good time" credits.

Defendant was arrested in Pauls Valley, Oklahoma, pursuant to a warrant issued in Stephens County in connection with two guns stolen from a farm in Stephens County, Oklahoma. After his arrest on March 21, 1969, the defendant was held at the courthouse in Pauls Valley for Stephens County authorities. Upon their arrival at the sheriff's office in Pauls Valley, the defendant was turned over to three deputies from Stephens County. The defendant was immediately informed of the charge against him and then advised of his rights under the guidelines of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694. Defendant indicated that he understood his rights. The deputies then

took the defendant to their car for the return trip to Stephens County. After reaching the car the defendant was again advised of his rights which were read from a waiver form. Initially, during the return trip defendant admitted that he had visited the farm. A short time later, defendant stated that he had taken the guns and told the deputies where they were hidden. The deputies then, following the defendant's directions, retrieved the hidden guns.

Defendant's motions to suppress at the preliminary examination and prior to the trial were overruled. At the hearing in district court on August 8, 1969, the transcript indicates that the defendant was advised of all of his rights as required by *Miranda* when the deputies first took custody of him at Pauls Valley. The deputies testified that the defendant understood his rights replying, "I understand my rights." Defendant contends that he did not expressly decline the assistance of counsel and thus there was no valid waiver which renders his admissions, and evidence resulting therefrom, inadmissible.

In *Miranda* the court noted that waiver is never to be presumed from a failure to ask for counsel. It stated:

"An express statement that the individual is willing to make a statement and does not want an attorney followed closely by a statement could constitute a waiver. But a valid waiver will not be presumed simply from the silence of the accused after warnings are given or simply from the fact that a confession was in fact eventually obtained." 384 U.S. at 475, 86 S.Ct. at 1628.

In Bond v. United States, 397 F.2d 162 (10th Cir. 1968), the Court of Appeals held:

"In Sullins v. United States, 10 Cir., 389 F.2d 985, we recognized the holding in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, that the government has a 'heavy burden' to show a waiver of the constitutional privilege against self-incrimination and the

right to counsel and that neither the silence of an accused nor the actual giving of a statement suffices to satisfy a waiver of the constitutional right. * * * We do not read Miranda to hold that 'an express declination of the right to counsel is an absolute from which, and only from which, a valid waiver can flow'. The circumstances here establish an understanding and voluntary waiver."

Likewise, in the circumstances in the instant case, we think an understanding and voluntary waiver was established. It is apparent that the defendant was initially advised of all his rights under *Miranda*. Defendant acknowledged that he understood his rights. There is no indication from the record whatsoever that the defendant was "grilled", coerced, or promised anything to induce a confession. Although the arresting deputies did not testify that the defendant expressly declined assistance of counsel, we are in agreement with the holding in Bond v. United States, supra, that an expressed declination of the right to counsel is not an absolute "only from which a valid waiver can flow." From the evidence we find that the trial court did not abuse its discretion in overruling defendant's motion to suppress as the facts support a finding of a voluntary understanding waiver of the assistance of counsel prior to his confession. Penn v. State, Okl.Cr., 456 P.2d 606 (1969).

As to defendant's second assignment of error, he correctly contends that the trial court erred in giving instructions as to prison "good time credits." This Court has previously held that the giving of such an instruction is error. See, Williams v. State, Okl.Cr., 461 P.2d 997. We have further held that it is not reversible error unless the instruction is given in a one-stage proceeding. See, Nation v. State, Okl.Cr., 478 P.2d 974. In the instant case the instruction was given in the second stage of a two-stage proceeding wherein the jury had previously determined defendant's guilt on the burglary

charge. In Williams v. State, supra, this Court held:

"Where it appears that the giving of an erroneous instruction, together with other errors not requiring reversal, may have caused the jury to impose a greater sentence, in the interest of justice the judgment and sentence will be modified * * *."

We are, therefore, of the opinion that defendant's term of imprisonment should be modified from twenty years to a term of ten (10) years, and as so modified, the judgment and sentence is affirmed. Modified and affirmed.

BUSSEY, P. J., and BRETT, J., concur.