Carl Ray SHIREY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. PC–73–449.

Court of Criminal Appeals of Oklahoma.

March 22, 1974.

Larry L. Oliver, Jon B. Wallis, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Carl Ray Shirey, hereinafter referred to as defendant, was charged in Tulsa County with the offense of Murder and was convicted of Manslaughter in the First Degree by a jury. His punishment was fixed at thirty (30) years in the custody of the State Department of Corrections. From that judgment and sentence, a timely appeal has been perfected to this Court.

The defendant alleges seven (7) errors and prays for several alternative remedies. For the following reasons, the Court finds none of the alleged errors require reversal, remand, or sentence modification.

This case arose out of a dispute between the defendant and the deceased, Everett Peyton, concerning the affections and ac-

tivities of one Shirley Marie Parks. This dispute and the resultant shooting occurred at a bar in Tulsa County where all parties concerned were consuming alcoholic drinks. The shot was fired at the door to the lounge where a scuffle or shoving ensued during which the defendant pulled a loaded gun from his pocket. In the fray, the gun was discharged and Everett Peyton was fatally wounded.

■ Defendant's first proposition alleges that the trial court erred when it admitted into evidence admissions by the defendant following the shooting incident for the reason that the defendant did not knowingly and intelligently waive his right against self-incrimination. The evidence offered by the arresting officer showed that defendant was read the Miranda rights and that he expressly stated that he understood those rights. The defendant did not, however, state that he waived his rights. In Sullins v. United States, 389 F. 2d 985 (10th Cir. 1968), a case arising out of Kansas and cited by the defendant, there was a concurring and dissenting opinion by Judge Lewis in which, referring to Miranda, he said:

"I do not agree, as I read the main opinion to hold, that an express declination of the right to counsel is an absolute from which, and only from which, a valid waiver can flow."

This position was, shortly thereafter, adopted by the Tenth Circuit in Bond v. United States, 397 F.2d 162 (1968), a case arising out of Oklahoma. Subsequently the Oklahoma Court of Criminal Appeals adopted this same position in Phillips v. State, Okl.Cr., 481 P.2d 776 (1971). This line of cases provides for effective waiver of rights listed in the Miranda warnings by means other than express statements to that effect. In this case the subsequent voluntary conversation with the arresting officer, coupled with the expressed understanding of his rights, is sufficient to con-clude that Carl Ray Shirey knowingly and intelligently waived his right against self-incrimination. Counsel for the defendant also urges that the defendant was intoxicated beyond the point of intelligently waiving his rights when his statement was given. In support thereof, counsel cites People v. Roy, 49 Ill.2d 113, 273 N.E.2d 363 (1971). That case is distinguished from the instant question because in People v. Roy, supra, the defendant never said he understood the warnings and the officers stated that the defendant was "unsteady" and "confused." Here, the officer testified that although he smelled alcohol on the defendant's breath, he walked naturally and spoke coherently. The admission of the defendant's statements was, therefore, not error.

■ The defendant secondly complains that the trial court committed fundamental error when it refused to instruct the jury on manslaughter in the second degree and excusable homicide due to accident. We find the trial court made no error in such refusals. The defendant was charged with murder. The Court, after hearing all the evidence, including the defendant's testimony, instructed on murder and on first degree manslaughter. The only evidence tending to prove a crime other than murder was that of the defendant himself. His testimony indicated that he was kneed in the groin, that he pulled a gun from his pocket, and with it attempted to strike the deceased. (TR 602–603) On the basis of this uncorroborated testimony, the trial judge instructed on first degree manslaughter. In order for an instruction to have been given on excusable homicide due to accident, the defendant would have had to have been in lawful possession of the gun in question. Although there was some evidence indicating that defendant was a security officer, no evidence was offered as to whether or not he was so registered. (See 21 O.S.1971, § 1289.8). In addition, whether or not the defendant was a

registered security officer, it is unlawful for anyone to carry a concealed weapon while under the influence of intoxicating liquors. (21 O.S.1971, § 1289.9). Therefore, an instruction on excusable homicide due to accident would have been improper. Similarly, the court made no error in refusing an instruction on second degree manslaughter. Title 21 O.S.1971 § 716, clearly states that the acts causing death must not fall within the provisions for murder, manslaughter in the first degree, excusable or justifiable homicide. The trial judge's conclusion that the defendant's testimony raised the possibility of first degree manslaughter, 21 O.S.1971 § 711(2), was correct. As this statute requires, the instant act did not fall within either excusable or justifiable homicide, could have been in the heat of passion without a design to effect death, as the jury so found, and was accomplished with a dangerous weapon, to wit: a gun. Because the evidence, so construed, falls within 21 O.S.1971 § 711(2), it did not fall within 21 O.S.1971 § 716, second degree manslaughter. This assigned error is, therefore, without merit.

■ Defendant's third contention alleges error in allowing cross-examination of the defendant regarding the unlawful carrying of a gun. The defendant argues that this cross-examination was prejudicial to the defendant and should have been excluded. The controlling authority as to the scope of cross-examination is Williams v. State, 92 Okl.Cr. 70, 220 P.2d 836 (1950) quoted with approval in Lewis, v. State, Okl.Cr., 458 P.2d 309 (1969):

"On cross-examination of a witness, the party cross-examining should be confined to the matters concerning which the witness has been examined in chief, but this rule should be liberally construed as to permit any question to be asked on cross-examination which reasonably tends to explain, contradict, or discredit any testimony given by the witness in chief or to test his accuracy, memory, skill, veracity, character, or credibility."

The questions propounded to the defendant concerning his weapon tended to explain testimony of defendant under direct examination. Defendant testified on direct that his supervisor at a security service told him to pick up his gun on his way to work and the questions on cross-examination indicated that he had no license for this gun and that defendant was aware at the time of the incident that it was unlawful to carry the pistol. Defendant's third proposition is consequently without merit.

■ Defendant next complains of error in admitting rebuttal evidence over defendant's objections. Defendant is not specific in his allegation but apparently assigns error to any and all of the rebuttal testimony. It is within the trial court's discretion to admit or exclude rebuttal evidence and unless there is abuse of that discretion, his judgment will stand. We find no abuse of discretion in this case as each of the five witnesses allowed to testify on rebuttal offered statements tending to explain, contradict, or disprove evidence offered on behalf of the defendant. (Clark v. State, Okl.Cr., 370 P.2d 46) Any testimony not directly explaining, contradicting, or disproving prior evidence was not prejudicial and, if error, then harmless error.

■ Defendant's fifth proposition alleges error in admitting into evidence hearsay testimony on five occasions of statements made by Shirley Marie Parks. On two of these occasions no objection was made to preserve the record and, therefore, we must look to the other three instances. It is settled law that an excited utterance is an exception to the hearsay rule. All three sections of testimony complained of fall within this category. Testimony from several witnesses describe the declarant, Shirley Marie Parks, as being hysterical following the shooting and remaining in that condition for some time. We, therefore, find no abuse of the trial

court's discretion in admitting her statements.

Next, defendant urges error in admitting evidence of the death of the deceased's wife. We admit that within the context of this case, such information was neither necessary nor relevant. However, after a careful study of the entire record, we find that the admittance of such evidence was harmless error as it did not prejudice the defendant.

Finally, the defendant claims that due to bickering between defense counsel and the State's attorney and admonitions by the court in this regard, defendant was denied a fair and impartial trial. After reviewing the record, this Court would remind counsel that it in no way condones such conduct as was displayed here at trial. However, the trial court in this instance appears to have made a concerted effort when admonishing defense counsel to direct its comments to both sides in an attempt to prevent prejudice to the defendant. (See Lambert v. State, Okl.Cr., 471 P.2d 935). In addition, in the instant case the trial court carefully instructed the jury, in Instruction # 12, the pertinent part of which reads as follows:

> "The Court has made rulings in the conduct of the trial and the admission of evidence. In so doing the Court has not expressed nor intimated in any way the weight or credit to be given any evidence or testimony admitted during the trial, nor indicated in any way the conclusions to be reached by you in this case."

For all the above and foregoing reasons, we are of the opinion that the judgment and sentence appealed from should be, and the same is, hereby, affirmed.

BLISS, P. J., concurs.

BRETT, Judge (concurs specially):

I concur that the judgment should be affirmed, but I would modify the sentence to fifteen (15) years.