Larry G. HISHAW, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M-77-170.

Court of Criminal Appeals of Oklahoma.

Sept. 8, 1977.

John T. Elliott, Public Defender, Stephen J. Korotash, Legal Intern, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Larry G. Hishaw, hereinafter referred to as defendant, was charged in the District Court, Oklahoma County, Case No. CRM–76–2018, with the offense of Possession of Marijuana, in violation of 63 O.S. 1971, § 2–402. He was tried by a jury, convicted and sentenced to a term of one (1) year in the Oklahoma County Jail. From this judgment and sentence the defendant has perfected a timely appeal to this Court.

Briefly stated, the facts adduced during the trial of this case are as follows. On the morning of May 29, 1976, Police Officers Emberling and Andrews of the Oklahoma City Police Department stopped a car driven by one James Hishaw pursuant to a radiogram which indicated that said person was wanted on a charge of assault with a deadly weapon. Pursuant to this stop, the defendant and another passenger, Otis Petit, were also requested to step out of the vehicle. At this time Officer Emberling saw a hand-rolled cigarette, later ascertained to contain marijuana, laying on the right front floorboard of the vehicle, where the defendant's feet were located. He also observed the other passenger brush a plastic baggie containing a green leafy substance off of the backseat onto the floor. The defendant was subsequently arrested for possession of marijuana.

At the trial, the defendant denied knowledge of the presence of any marijuana in the vehicle and Otis Petit testified that all of the marijuana found in the vehicle, in fact, belonged to him.

Due to the controlling nature of the defendant's second assignment of error, this Court need not consider the other errors asserted in the defendant's brief. . The defendant contends that there was insufficient evidence to establish that the defendant had the requisite possession and control of the marijuana in question.

While proof of actual physical possession of a controlled substance is not necessary even a showing of constructive possession requires proof that a defendant have knowledge of its presence and the power and intent to control its disposition or use. *Staples v. State*, Okl.Cr., 528 P.2d 1131 (1974). Further, guilty knowledge and control cannot be presumed. There must

be some link or circumstance in addition to the presence of marijuana which indicates the defendant's knowledge of its presence and his control of it, and absent this additional independent factor, the evidence is insufficient to support a conviction. *Brown v. State*, Okl.Cr., 481 P.2d 475 (1971). Therefore, we have repeatedly held that the proof of mere proximity is insufficient, and in *Staples v. State, supra*, this Court aligned itself with numerous jurisdictions which recognized the principle that the mere presence of the defendant in even such a confined area as an automobile interior in which illicit drugs are found does not, standing alone, constitute sufficient proof of his possession of such drugs.

■ In the instant case, the only evidence adduced at trial against this defendant was that one marijuana cigarette was found on the floor next to his feet in a car in which he was a passenger. Further, said cigarette had not been lit and the State's own witness indicated that there was no evidence that any marijuana had been smoked within the vehicle. However, the State would attempt to link the cigarette in question to the defendant by the mere fact that it was "easily visible." This Court, in *Brown v. State, supra*, cited with approval *Dishman v. State*, 3 Tenn.Cr.App. 725, 460 S.W.2d 855 (1970), wherein that court held that the evidence was insufficient to prove possession where the marijuana was found in plain view on the floor near the defendant's feet and also on top of the table in an apartment belonging to another.

Here, the State's case, based entirely upon circumstantial evidence, was insufficient to warrant a conviction since it did not exclude every reasonable hypothesis but that of guilt and this Court has held on numerous occasions that proof amounting only to a strong suspicion or a mere probability is insufficient. *Roth v. State*, Okl.Cr., 532 P.2d 1397 (1975).

Further, in view of the fact that the defendant moved, at the close of the State's case, for a directed verdict on specific grounds that the State's evidence failed to establish possession and control and since

said motion should have been granted by the trial Judge, we have no alternative other than to reverse and remand with instructions to dismiss. We further note that the State's evidence was not completed by defense testimony. See, *Johnson v. State*, Okl.Cr., 564 P.2d 664 (1977). For the above and foregoing reasons, the judgment and sentence of the trial court is REVERSED AND REMANDED WITH INSTRUCTIONS TO DISMISS.

BRETT, J., concurs.