Joseph Wilbur MAGANN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–77–734.

Court of Criminal Appeals of Oklahoma.

Oct. 5, 1979.

Jack S. Dawson, Oklahoma City, for appellant.

Andrew M. Coats, Dist. Atty., Arlene Joplin, Asst. Atty. Gen., Oklahoma County, for appellee.

## OPINION

BRETT, Judge:

The appellant Joseph Wilbur Magann was convicted in the District Court of Oklahoma County, Case No. CRF–77–382, of the crime of Possession of Marihuana. The jury imposed a sentence of one (1) year in the County jail.

On January 27, 1977, Officer Joann Randall and Officer Carol Randolph stopped the appellant for a traffic violation. The appellant did not have a driver's license and was intoxicated. The officers testified that the appellant told them his name was Jan Miller, but the appellant said he thought he was being asked whose car he was driving, when he gave the name of Jan Miller.

Officer Ted Carlton of the Alcohol Safety Action Program (ASAP), arrived on the scene and identified the appellant as Joseph Magann. The evidence is conflicting as to how Officer Carlton knew the appellant and exactly what information he gave the arresting officers. The appellant was then removed from the scene. Prior to impounding the vehicle, a search revealed 87 pounds of marihuana in the trunk.

Testimony by the appellant indicated that he had borrowed the car from Jan Miller because his car was blocked by cars driven by visitors at his house. He was stopped soon after leaving a convenience store where he had gone to purchase sandwiches for his guests.

The appellant bases his appeal on three assignments of error; however, our basis for reversal is limited to a discussion of the first and third assignments of error. In the first assignment of error, the appellant contends the evidence was insufficient to sustain the conviction, as he had neither knowledge nor control of the marihuana.

We have repeatedly held that mere proximity to marihuana is insufficient proof of possession. There must be additional evidence of knowledge and control. *Staples v. State,* Okl.Cr., 528 P.2d 1131 (1974); *McCarty v. State,* Okl.Cr., 525 P.2d 1391 (1974); *Brown v. State,* Okl.Cr., 481 P.2d 475 (1971). The fact that the accused had knowledge and control of the contraband may be established by circumstantial evidence. However, a conviction upon circumstantial evidence cannot be sustained if the proof does not exclude every reasonable hypothesis but that of guilt, and proof amounting only to a strong suspicion or mere probability is insufficient. *Hishaw v. State,* Okl.Cr., 568 P.2d 643 (1977); *Staples v. State,* supra; *Brown v. State,* supra.

■ An examination of the record reveals that the State did not present sufficient additional facts of knowledge and control to preclude every reasonable hypothesis except guilt. Knowledge and control by the appellant cannot be presumed. No link between the appellant and the marihuana was established except that he drove a vehicle in which marihuana was contained. The State did not establish that the vehicle belonged to him. Because of this and evidence that it belonged to a guest at his house, it is clear that he did not have exclusive control over the vehicle. Nor was the act of the appellant in giving the name of Jan Miller a sufficient additional fact. He made no incriminating or conflicting statement to link him to the marihuana. We find that the circumstantial evidence was insufficient to sustain a conviction.

The appellant asserts in his third assignment of error that the trial court erred by not sustaining the appellant's motion to suppress the introduction of the marihuana. We agree with this contention.

■ The officers' discovery of the marihuana was premised upon an inventory search. As with all cases involving a determination of reasonableness prescribed by the Fourth Amendment, each case must stand upon its own unique facts and circumstances. A "police inventory" is a recognized procedure when impounding a vehicle in order to protect the contents and to protect officers against false charges of theft. See *Gonzales v. State,* Okl.Cr., 507 P.2d 1277 (1973). To accomplish these objectives, an inventory sheet showing the contents of the vehicle must be filed out appropriately. Anything less points to the possibility that the inventory is a subterfuge for an exploratory search. We have held that where the "police inventory" is a subterfuge based on a suspicion that contraband might be stored in the vehicle, the discovery of such contraband is inadmissible. *Gonzales v. State,* supra.

■ We can come to no other conclusion than that the "inventory" was a subterfuge. In addition to conflicting evidence as to why the trunk was searched, items of value in the vehicle were not listed, nor did the officers examine the glove compartment. Under these circumstances we find no police inventory occurred, and the marihuana was the product of an unreasonable search and seizure and, therefore, should have been suppressed.

For the foregoing reasons, the judgment and sentence appealed from is *REVERSED* with instructions to *DISMISS.*

CORNISH, P. J., concurs.

BUSSEY, J., dissents.