611 P.2d 1135 (1980)
Norvin Lale ROBSON, Appellant,
v.
The STATE of Oklahoma, Appellee.
No. F-79-217.
Court of Criminal Appeals of Oklahoma.
May 20, 1980.
Rehearing Denied June 23, 1980.
Mary E. Bane, Oyler, Smith & Bane, Oklahoma City, for appellant.
Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., Mary Bryce Leader, Legal Intern, for appellee.

*1136 OPINION
BUSSEY, Judge:
Following his conviction for Burglary in the Second Degree in Hughes County District Court Case No. CRF-77-70, Appellant Norvin Lale Robson, hereinafter referred to as defendant, appeals from the judgment and sentence assessing his punishment at two (2) years' imprisonment.
In his first assignment of error, the defendant contends that the State failed to prove a nonconsensual breaking and entering because the owner of the burglarized premises  the Palace Drug Store in Stuart, Oklahoma  W.W. Adams, was deceased at the time of trial and unable to testify that he did not give the defendant consent to enter the store. However, this element, just as any other element of a crime, may be proven by circumstantial evidence. The method used to gain entry  cutting a hole in the roof  and defendant's flight after setting off a burglar alarm in the building constitute strong circumstantial evidence that the breaking was without the owner's consent, and this assignment of error is without merit.
In his second, third and sixth assignments of error, the defendant complains of the court's instructions to the jury. An examination of the record reveals that the defendant did not object to the court's proposed instructions, nor did he tender alternate instructions. The jury instructions given generally cover the subject matter of the inquiry, including the elements of burglary, the presumption of innocence and the law of circumstantial evidence. Under the circumstances here present, this assignment of error is without merit. See Thomsen v. State, Okl.Cr., 582 P.2d 829 (1978), and Rice v. State, Okl.Cr., 567 P.2d 525 (1977).
In his fourth assignment of error, the defendant alleges that the prosecutor acted in bad faith when, at trial, he attempted to introduce into evidence a syringe taken from defendant when he was arrested. Although not otherwise connected with the burglary, the syringe was arguably admissible as a circumstance tending to show defendant's intent to steal drugs from the pharmacy. The trial court's exercise of discretion in refusing to admit the evidence does not indicate bad faith by the prosecutor. We find this assignment of error to be without merit.
The defendant contends in his fifth assignment of error that bolt cutters and a gun seized from a car impounded after defendant's arrest should have been suppressed as the fruits of an illegal search. After defendant and a companion were arrested while fleeing from the drug store, a strange car traveling too fast around the *1137 area was stopped by a deputy, who noticed bolt cutters and a gun in plain view. The driver was arrested and an inventory search of the vehicle revealed the defendant's billfold and identification. We find this contention to be meritless for two reasons. First, the defendant lacks standing to challenge the search because he asserted neither a property nor possessory interest in the car, nor an interest in the property seized. See Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), reh. den. 439 U.S. 1122, 99 S.Ct. 1035, 59 L.Ed.2d 83. Second, the search and seizure was lawful because the evidence was discovered in plain view after an investigatory stop. See Baledge v. State, Okl.Cr., 554 P.2d 1388 (1976).
The defendant's final assignment of error is that the prosecutor improperly suggested to the jury a definition of reasonable doubt in closing argument, saying, "you have a very plain duty to do here, to arrive at a reasonable conclusion that this defendant is guilty of the crime as charged." We find the defendant's argument to be without merit. The prosecutor was clearly arguing that it would be a reasonable conclusion for the jury to find the defendant guilty. We find this type of argument to be well within the bounds of proper closing argument.
The judgment and sentence is AFFIRMED.
CORNISH, P.J., and BRETT, J., concur.