**Victor Alton REIMAN, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–81–332.**

Court of Criminal Appeals of Oklahoma.

April 20, 1983.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., Jimmy D. Givens, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

The appellant, Victor Alton Reiman, was convicted of Unlawful Possession of Marijuana with Intent to Distribute pursuant to 63 O.S.Supp.1981, § 2–401 in Tulsa County District Court, Case No. CRF–80–2853. He was sentenced to eight years' imprisonment. At the same time a prior suspended sentence of three years for Unlawful Possession of Marijuana, Second Offense, was revoked in Case No. CRF–78–1496 and made to run concurrently with the eight year sentence.

At approximately 2:30 p.m. on August 18, 1980, Police Officer Steven Smith observed two people, the appellant Reiman and a co-defendant, Miller, standing by the trunk of a car parked at Woodward Park in Tulsa, Oklahoma. From fifty feet away he observed a third party walk up to the car, the trunk was opened, one of the people reached into the trunk and removed something, there appeared to be a brief conversation and an exchange, and the third party left. Minutes later a different third party appeared and the same sequence of events took place. Miller then entered the driver's seat while Reiman remained standing at the trunk. Still another third party approached, briefly conversed with Reiman who then opened the trunk, and an exchange took place between them.

As Officer Smith started to move closer, a party near the car shouted something to the effect, "Look out, the cops are coming." The appellant immediately slammed the trunk lid down. A records check indicated there were four outstanding warrants on co-defendant Miller, the owner of the vehicle, and he was then placed under arrest. An inventory of the car revealed a briefcase in the trunk containing thirty-two baggies of marijuana.

■ The first proposition of error alleged on appeal is that the trial court erred in overruling the appellant's motion to quash the information and dismiss the case based on insufficient evidence adduced at the preliminary hearing. He first asserts that the briefcase and marijuana found inside of it should have been suppressed as the fruit of an invalid impoundment and inventory of co-defendant Miller's automobile. We agree with the State that this argument lacks merit because the appellant has shown no legitimate privacy interest in Miller's automobile that would entitle him to question the propriety of the impoundment and inventory. See *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).

■ It is next argued that the trial court erred in failing to sustain the appellant's demurrer to the State's evidence and motion for directed verdict, because the evidence was insufficient to convict him. We disagree. If there is any competent evidence sufficient to establish a prima facie case, reasonably supporting the allegations of the charge, a demurrer to the evidence should be overruled. *Renfro v. State,* 607 P.2d 703 (Okl.Cr.1980). The appellant's implication that the use of circumstantial evidence somehow comprised such a weak case that it was not even prima facie, is without foundation. The police officer observed the appellant exchanging something from the trunk of the car with a number of other persons. When he approached, the trunk was slammed down and a warning of his proximity was given. The trunk revealed a

briefcase containing thirty-two baggies of marijuana. Although, the case is based on circumstantial evidence, it was certainly reasonable for the jury to conclude that the appellant was guilty of possessing marijuana with intent to distribute.

The appellant relies on *Hishaw v. State,* 568 P.2d 643 (Okl.Cr.1977) for his contention that the State failed to prove that he had guilty knowledge and control over the marijuana. We stated in *Hishaw* that:

> ... guilty knowledge and control cannot be presumed. There must be some link or circumstance in addition to the presence of marijuana which indicates the defendant's knowledge of its presence and his control of it, ...

■ Here, the observation by the officer that the appellant stood at the trunk and made exchanges with other persons provided the evidence necessary to link the appellant with the marijuana. We have often said that a criminal case may be proved circumstantially, and reasonable inferences drawn from circumstantial evidence have the same probative effect as does direct testimony. Further, circumstantial evidence does not need to exclude every hypothesis or negate any possibility other than guilt. *Harris v. City of Tulsa,* 589 P.2d 1082 (Okl.Cr.1979). Therefore, the jury was provided with sufficient evidence from which it could reasonably and logically find the appellant guilty and the weight credibility and probative effect was for the jury to decide. *Luker v. State,* 552 P.2d 715 (Okl.Cr.1976).

■ Next the appellant alleges that the following statement made by the prosecutor in closing argument caused reversible error.

> ... This case is just as important to Mr. Reiman and to this community. It's as important as any criminal case. Ladies and gentlemen, I don't need to make a speech to you about the dangers of drugs. We read about it everyday; see it all about us everyday. These instructions that the Court just read for you, what did it call marijuana? A controlled dangerous substance under the laws of this State. Hardly a day goes by there isn't someone standing exactly where I'm

standing now in the courtroom, in this building, in front of a judge, who is involved in some way with narcotics and dangerous drugs.

He contends that this statement refers to the fact that many defendants in drug cases enter guilty pleas and to the crime rate. We fail to see how these remarks could possibly constitute a reference to the fact that many drug defendants plead guilty. And even if we interpret them to be an indirect reference to the number of drug related crimes, we do not believe the appellant was prejudiced so as to justify modification or reversal.

■ As his fourth proposition of error, the appellant asserts that the verdict was ambiguous and indefinite because the jury set punishment at eight years' imprisonment but did not sentence him to pay a fine. He claims that the assessment of a fine as part of the punishment for the crime in question is statutorily mandated because the punishment range is four (4) to twenty (20) years incarceration and a fine of not less than ten thousand dollars ($10,000).

The jury's verdict was not ambiguous and indefinite. The jury unequivocally and expressly indicated its desire to find the appellant guilty and to assess eight years' imprisonment and a "$0" (zero dollar) fine. Therefore, the appellant's reliance on cases which were reversed because the intention of the jury was not clear from the verdict form is misplaced.

Finally, the appellant asserts that if his conviction in the present case is reversed, then the revocation of suspended sentence which accompanied the present conviction should also be reversed. As we find no reason to reverse the conviction in the present case, the appellant's last proposition is without merit.

The judgments and convictions are AFFIRMED.

BUSSEY, P.J., and CORNISH, J., concur.