Lawrence E. FALLON, Jr., Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–35.

Court of Criminal Appeals of Oklahoma.

Aug. 28, 1986.

Rehearing Denied Oct. 16, 1986.

Gary W. Sleeper, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Deputy Chief, Criminal Division, Terry J. Jenks, Legal Intern, Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Lawrence E. Fallon, Jr., appellant, was convicted of possession of a Controlled Dangerous Substance with Intent to Distribute, in violation of 63 O.S.1981, § 2–401(B), Case No. CRF–83–11, in the District Court of Rogers County, before the Honorable Byron Ed Williams. Upon recommendation of the jury, appellant was sentenced to a term of eight years and fined five thousand ($5,000) dollars. From this judgment and sentence the appellant has perfected his appeal to this Court.

On January 11, 1983, Officer Rhine stopped the appellant, Lawrence E. Fallon, Jr., for speeding (80–85 m.p.h.) and driving in the wrong lane. Officer Rhine subsequently arrested appellant for driving under the influence after he observed appellant's erratic driving, slurred speech and inability to walk. Shortly thereafter, Officer Trice arrived on the scene and arrested

the passenger in appellant's vehicle for public intoxication. Officer Rhine thereupon transported appellant and his companion to jail, while Officer Trice began to inventory the passenger compartment of the vehicle before the wrecker arrived. After the vehicle was impounded, Officers Rhine and Trice went to the location where it was stored to inventory the trunk area. Officer Trice discovered a pill in the console area of appellant's vehicle while he was retrieving the car keys to unlock the trunk. Once the trunk was open, the officers observed two suitcases and a locked grey "briefcase". Officers Rhine and Trice then secured a consent to search form from appellant enabling them to open the locked briefcase. Five large plastic bags containing approximately 4,500 Diazepam pills, (used pharmaceutically in preparations of Valium), were found inside the "briefcase". As a result, appellant was charged with possession of a controlled dangerous substance with intent to distribute.

■ In his first assignment of error appellant claims the trial court erred in admitting evidence obtained during an inventory search in violation of the Fourth Amendment prohibition against unreasonable searches and seizures. The United States Supreme Court has continuously held that automobiles are "effects" and therefore within the Fourth Amendment protective penumbra. *Cady v. Dombrowski*, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973). Searches conducted without warrants have long been held per se unreasonable. *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967). However, this general rule is subject to several well established exceptions; an inventory search has been held to constitute one such well-defined exception to the warrant requirement. *Illinois v. Lafayette*, 462 U.S. 640, 103 S.Ct. 2605, 77 L.Ed.2d 65 (1983); *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). The reasons for allowing an automobile to be searched without a warrant primarily arise from its very nature: the inherent mobility of automobiles create exigent circumstances where a warrant requirement would be impossible, and the expectation of privacy in vehicles is greatly diminished in comparison to a private dwelling. This Court has previously held that inventory searches conducted pursuant to standardized impoundment procedures are not violative of either the Fourth Amendment to the Federal Constitution or to Okla. Const. art. II, § 30. *Starks v. State*, 696 P.2d 1041, 1042 (Okl.Cr.1985); *Satterlee v. State*, 549 P.2d 104 (Okl.Cr. 1976). Thus, we must determine whether or not appellant's vehicle was lawfully impounded.

■ Both officers Trice and Rhine testified appellant and his passenger were arrested for intoxication and unable to drive. Consequently, pursuant to their departmental regulations appellant's car was impounded. This practice of impoundment has been held to be "[A]n appropriate exercise of the "community caretaking functions" which the police have a responsibility to discharge" *United States v. Johnson*, 734 F.2d 503, 505 (10th Cir.1984), quoting *South Dakota*, 428 U.S. at 368–369, 96 S.Ct. at 3096–97. Under these circustances, we are of the opinion that the impoundment was conducted according to a regularized policy, and therefore lawful. *Starks*, at 1042 and *Lee v. State*, 628 P.2d 1172 (Okl.Cr.1981).

Finding the impoundment procedure proper, we must now determine whether or not the inventory search conducted on appellant's vehicle was likewise proper. We note at the outset this Court has previously recognized that inventory searches of automobiles lawfully impounded are generally held as reasonable and not in violation of the Fourth Amendment or of Okla. Const. art. II, § 30. *Horn v. State*, 671 P.2d 1163, 1164 (Okl.Cr.1983). This procedure has been allowed for three reasons: to protect the owner's property held by the police; to protect the police against claims of lost or stolen property; and, to protect the police from potential danger. *South Dakota*, 428 U.S. at 369, 96 S.Ct. at 3097.

■ The inventory search in the present case was initiated by Officer Trice while awaiting the wrecker. Trice was able to inventory the passenger compartment, but not the trunk. For this reason, Officers Trice and Rhine went to the place where appellant's vehicle was stored to complete the inventory. An Oklahoma Highway Patrol Stored Vehicle report was prepared by Officer Trice and signed by Officer Rhine. Among the numerous items appearing on this document are: brown cases of clothing and a gray briefcase (which were found in the trunk). The officers opened the two suitcases but were not able to view the contents of the briefcase because it was locked. Therefore, Officers Rhine and Trice obtained a "Consent to Search" and "Release of Liability for Execution of Consent to Search" from appellant enabling them to open the briefcase. Shortly thereafter, the officers returned to appellant's vehicle and opened the briefcase disclosing five (5) baggies of narcotics. But for the officer's correct procedure in securing appellant's consent *prior* to opening the gray briefcase, an improper search would have occurred. Because the inventory search was authorized pursuant to regularized police policy and therefore valid, the incriminating evidence discovered in the briefcase was properly admitted into evidence by the trial court and not violative of the Fourth Amendment to the Federal Constitution. This assignment of error is without merit.

In his second assignment of error appellant asserts the trial court incorrectly overruled his motion for directed verdict. Appellant contends the State's proof chiefly consisted of circumstantial evidence and was insufficient to support his conviction. After reviewing the record, we find this assignment to be meritless.

In *Spuehler v. State*, 709 P.2d 202 (Okl. Cr.1985), we held the test to be utilized by a reviewing court when determining if the State presented sufficient evidence to support a conviction is that set out in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) which is: "Whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt."

The facts in this case are quite simple. Appellant was pulled over by an officer for speeding and driving erratically. Officer Rhine observed appellant's conduct to be hampered by the effects of an intoxicating substance and placed him under arrest. The passenger in appellant's vehicle was likewise arrested. As a result, the automobile appellant was driving was impounded and subsequently inventoried. During the course of the inventory search, officer Trice discovered a white pill in the passenger compartment. Both officers Rhine and Trice found two suitcases and a briefcase, as well as other items, in the trunk of appellant's automobile. Appellant thereafter consented to the officers opening the briefcase located in the trunk. Five baggies filled with approximately 4,500 white pills were observed inside the briefcase. The State's expert testified he analyzed the narcotics contained in the five baggies submitted to him by Officer Rhine, and determined that they were Diazepam tablets. Appellant's wife testified she had never seen the briefcase before, but that appellant had one similar to it.

■ We are of the opinion that although the State primarily relied on circumstantial evidence to show ownership of the briefcase, there was sufficient evidence presented by the State to allow the jury to convict appellant of possession of a controlled dangerous substance with intent to distribute. We therefore find this assignment of error to be without merit.

After conducting a thorough review of the records and briefs in this case, we are of the opinion the judgment and sentence imposed on appellant in this case should be affirmed.

PARKS, P.J., and BUSSEY, J., concurs.