**Quincy Wayne KING, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–339.**

Court of Criminal Appeals of Oklahoma.

June 22, 1987.

Quincy Wayne King, pro se.

Michael C. Turpen, Atty. Gen., Jean M. Leblanc, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Quincy Wayne King, was convicted in the District Court of Tulsa County of the crime of Feloniously Pointing a Weapon in Case No. CRF–84–1047 and was sentenced to ten (10) years' imprisonment, and he appeals.

On March 14, 1984, appellant drove to the Boot Town store in Tulsa, Oklahoma, where his wife, Misty King, was employed, and after shaking the locked front door of the store and beating on it with his fist and screaming at his wife and another employee, Ronnie McCracken, he pointed an automatic pistol at his wife and Mr. McCracken. Earlier the same day, appellant had visited the store and showed Ms. King two automatic weapons he had purchased from a pawn shop.

At trial, Misty King, Ronnie McCracken, and Mary Dunbar, who was working at a pharmacy adjacent to the Boot Town store, all testified that appellant pointed a pistol at Ms. King and Mr. McCracken. Appellant testified that he pointed a crescent wrench at his wife on March 14, 1984.

For his first assignment of error appellant asserts that the trial court's limitation of cross-examination of the State's witnesses denied him of his right to a fair trial. He argues that the trial court did not allow him to elicit testimony that Misty King was arrested approximately thirty (30) days after the alleged crime, and that she had in her possession at the time of her arrest a weapon similar to the one which appellant allegedly pointed at Ms. King. We note, however, that before the trial was commenced defense counsel conceded that this matter was not relevant and was inadmissible, and he agreed not to make any comment regarding the arrest. Appellant also complains that the trial court prevented him from cross-examining Ms. King as to whether she requested the appellant to come to the store on March 14, 1984. After thoroughly reviewing the record before us, we fail to find any instance where the trial court prevented defense cousnel from questioning her regarding this subject.

Appellant further argues that the trial court erred in not allowing defense counsel to cross-examine Officer Wherry concerning whether he dated Ms. King. The prosecutor objected to this testimony on the grounds that it was irrelevant, and the trial judge sustained the objection. The extent of cross-examination is committed to the sound discretion of the trial court, and this Court will not reverse a trial court's ruling unless that ruling is a clear abuse of discretion. *Hall v. State*, 698 P.2d 33 (Okl.Cr.1985). Finding no clear abuse of discretion, this assignment of error is without merit.

Appellant next contends that he was unfairly prejudiced when the prosecutor interrupted defense counsel's closing argument to inform the court that one of the jurors had a slight emergency and needed to go to the restroom. He argues that due to the interruption and the brief recess that followed defense counsel lost the attention of the jury, and that he was prejudiced thereby. This Court has consistently held that a defendant must prove prejudice to warrant reversal or modification on appeal. *Ozbun v. State*, 659 P.2d 954 (Okl.Cr.1983). After reviewing the record in the instant case, we find, especially in light of the strong evidence of guilt, that appellant has wholly failed to prove that the brief interruption during closing argument prejudiced him in any manner. We find no error.

In another assignment of error appellant contends that he was deprived of effective assistance of counsel because defense counsel did not request a copy of the preliminary hearing transcript. However, we cannot say that this one isolated omission rendered defense counsel's overall performance deficient. *Johnson v. State*, 620 P.2d 1311 (Okl.Cr.1980). Moreover, in light of the strong evidence of appellant's guilt, he has wholly failed to show to a reasonable probability that this omission by trial counsel might have altered the verdict. Therefore, neither of the two prongs set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) has been satisfied. We find no error.

As his next assignment of error appellant alleges that the trial court erred in overruling the demurrer and motion for directed verdict since there was insufficient evidence to prove that he feloniously pointed a weapon at Misty King. We disagree. At trial, evidence was presented that appellant had two guns in his possession on March 14, 1984, and three (3) eyewitnesses testified that he pointed a pistol at Ms. King and Mr. McCracken the same day, after screaming at them and violently shaking the locked front door of the store. Clearly, this evidence is sufficient to support a conviction for the crime of Feloniously Pointing a Weapon. *Spuehler v. State*, 709 P.2d 202 (Okl.Cr.1985). This assignment of error is without merit.

Appellant next assigns as error that the trial court improperly sustained the prosecutor's objections to certain testimony, and that the prosecutor made improper comments during closing argument. We have reviewed the instances where appellant claims that the trial court improperly sustained the prosecutor's objections, and we find that the trial court properly sustained the objections on the grounds that the testimony was outside the scope of re-direct examination. Additionally, defense counsel failed to object to any of the alleged improper comments by the prosecutor; thus, the error, if any, was waived. *Tahdooahnippah v. State*, 610 P.2d 808 (Okl.Cr.1980). This assignment is without merit.

As another assignment of error appellant maintains that the trial court erred by failing to instruct the jury on the minimum and maximum sentence allowed, and further failed to instruct the jury that it could recommend a suspended sentence. However, we observe that appellant failed to make a complete record for review before this Court in that he failed to preserve his alleged proposed instructions in the record. Accordingly, this assignment of error lacks merit.

Appellant finally urges that the sentence imposed was excessive. Where, as in the instant case, the sentence imposed is within the statutory limits, the jury's verdict should not be disturbed unless the sentence shocks the conscience of this Court. *Edwards v. State*, 663 P.2d 1233 (Okl.Cr.1983). After reviewing the record in this case, we decline to modify the sentence. This assignment is groundless.

Accordingly, the judgment and sentence is AFFIRMED.

BRETT, P.J., specially concurs.

PARKS, J., concurs.