Bobby Dean WHEELER, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-85-725.

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1988.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Wellon B. Poe, Jr., Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Bobby Dean Wheeler, was tried and convicted in the District Court of Pottawatomie County of the crimes of Unlawful Possession of Marijuana (Count I), Transporting a Loaded Firearm (Count II), and Unlawful Possession of a Controlled Drug (Count III) in Case Nos. CRM–85–5 and CRF–85–4 and was sentenced to one year imprisonment in the county jail and a fine of two hundred dollars ($200.00) for Count I, six months imprisonment and a fine of twenty five hundred dollars ($2,500.00) for Count II, and five years imprisonment plus court costs for Count III, and he appeals.

During the early morning hours of January 1, 1985, trooper Jeff Griffith of the Oklahoma Highwy Patrol stopped a Ford station wagon for speeding. Appellant was driving the station wagon. The trooper observed that appellant had an odor of alcohol about his person and on his breath, and when he asked appellant if he had had anything to drink, he replied that he had. However, when the trooper asked him if there were any open containers in the vehicle, he responded negatively. The trooper then asked appellant "if he would mind if he went up to his truck and took a look." Appellant consented, and he and the trooper approached the vehicle, and trooper Griffith observed "what appeared to be a mixed drink sitting in the console of the defendant's car." He also found two kitchen knives and an unloaded pistol in the front of the car. After appellant failed to successfully perform a field sobriety test, the trooper placed him under arrest, and as he patted appellant down he felt an object that felt like a handgun. Trooper Griffith then handcuffed appellant and retrieved a loaded firearm from his pocket. Subsequently, during the booking procedure, a search of appellant was conducted by the jailer, in Trooper Griffith's presence, and he discovered a small glass vial containing a white powdery substance and a clear baggie containing a green leafy substance in appellant's jacket pocket.

While conducting the inventory search of appellant's vehicle, trooper Griffith found a red box which contained syringes, needles, and spoons and a baggie containing a brown powdery substance. The green leafy substance was later determined to be marijuana and the powdery substances both contained methamphetamine.

For his first assignment of error appellant asserts that the evidence obtained from his automobile was the result of a subterfuge inventory search, and that the introduction of the evidence prejudiced his right to a fair trial. Particularly, he contends that the inventory was improper because the inventory lists failed to itemize each individual item, because neither the official list nor the unofficial list is complete alone and both must be considered together, because the official list failed to account for an answering machine in appellant's car, and because the trooper failed to search the spare tire storage compartment of the vehicle. We disagree. Appellant has wholly failed to show that the inventory search was a subterfuge for an exploratory search. Trooper Griffith testified that he listed anything of any significant value, and it is quite possible that an item in the vehicle could have been overlooked. The vehicle contained numerous items, and all items other than the answering machine were listed. Furthermore, the fact that trooper Griffith never found or searched the spare tire compartment does not support appellant's assertion.

Moreover, we are of the opinion that the admission of the evidence seized from appellant's vehicle did not prejudice appellant since the same controlled substances were found in appellant's pockets. *See Harrall v. State*, 674 P.2d 581, 583 (Okl.Cr.1984). This assignment of error is without merit.

Appellant next alleges that prosecutorial misconduct during his trial denied him a fair trial. However, three of the four alleged erroneous comments were not presented for review because trial counsel failed to object. *VanWoundenberg v. State*, 720 P.2d 328, 334 (Okl.Cr.1986). When counsel interposed an objection to

the fourth remark, the trial court sustained the objection; thus, we find no error. This assignment is groundless.

In his final assignment of error appellant argues that the trial court erred by imposing fines since he is indigent. Since this issue is prematurely raised, we decline to address it. *See Jones v. State*, 682 P.2d 757 (Okl.Cr.1984).

The judgments and sentences are AFFIRMED.

BRETT, P.J., concurs in part, dissents in part.

PARKS, J., specially concurs.

BRETT, Presiding Judge: concurring in part, dissenting in part.

I agree that the appellant was not prejudiced due to the fact that controlled substance was found on his person. Therefore, his conviction must be affirmed. However, I cannot agree with the opinion's treatment of the admission of the evidence which resulted from the search of the automobile.

An examination of the record reveals that the police officer did not send a copy of exhibit number two (2), the official stored vehicle report and exhibit number four (4), the unofficial report to the Department of Public Safety. Furthermore, on the face of the unofficial report there appears to be no link between the contents listed and the vehicle identification on the stored information.

The Court held in *Magann v. State*, 601 P.2d 123 (Okl.Cr.1979) that:

> A police inventory is a recognized procedure when impounding a vehicle in order to protect the contents and to protect officers against false charges of theft. *See Gonzales v. State*, Okl.Cr., 507 P.2d 1277 (1973). To accomplish these objectives, an inventory sheet showing the contents of the vehicle must be filled out appropriately. Anything less points to the possibility that the inventory is a subterfuge.

PARKS, Judge, specially concurring:

I concur for the reasons stated in my separate opinion in *Reid v. State*, 733 P.2d 1355, 1356–57 (Okl.Cr.1987) (Parks, J., Specially Concurring).