Clifford Avriett HALL, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–754.

Court of Criminal Appeals of Oklahoma.

Dec. 8, 1988.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Terry J. Jenks, Asst. Atty. Gen., State of Okl., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Clifford Avriett Hall, appellant, was tried by jury in the District Court of Garvin County Case No. CRF–83–247 for the crime of Possession of a Controlled Dangerous Drug With the Intent to Distribute. Appellant was represented by counsel. The jury returned a verdict of guilty of the lesser offense of Possession of a Controlled Dangerous Drug (Phencyclidine) and set punishment at ten (10) years imprisonment. The trial court sentenced appellant in accordance with the jury's verdict. From this judgment and sentence, appellant appeals to this Court.

At approximately 5:30 p.m. on May 17, 1983, Elmore City police officer Ted Campbell stopped appellant for speeding 52 miles per hour (m.p.h.) in a 25 m.p.h. zone. As Officer Campbell approached the vehicle, he saw appellant reaching behind the seat. Suspicious that appellant might be reaching for a weapon, Campbell drew his gun and ordered appellant to keep his hands in sight.

Satisfied that appellant was not armed, the officer asked for appellant's driver's license. Appellant could not produce one and stated that he must have left it at home. Campbell then ran a radio check to see if appellant did, in fact, have a license. From the check, the officer discovered that appellant was driving under suspension, so he placed appellant under arrest and conducted a "pat down" search for hidden weapons.

During the "pat down" search, appellant dropped what was later proven to be a marijuana cigarette. Because there was no one with appellant who could drive the car, it had to be impounded. In conformance with standard police policy in such situations, the car was towed to the impound lot. Accordingly, Campbell called for assistance in inventorying the car before leaving the scene. During the course of the inventory, additional quantities of suspected drugs and drug paraphenalia were found, including a small mouthwash bottle approximately half full of Phencyclidine (P.C.P.). Additionally, during the inventory, Officer Campbell noticed appellant moving around alot in the back seat of the patrol car where he was sitting. Campbell subsequently found a plastic bag of marijuana in the area where appellant was sitting. He testified that the bag was not there earlier when he had conducted a routine search of the patrol car prior to going out on patrol.

When the inventory was completed, the car was impounded. Campbell then advised appellant of his *Miranda* rights and

took him to the Elmore City police station. During the drive to the station, appellant asked Campbell to "throw that P.C.P. ... out the window." Upon their arrival, Campbell helped appellant out of the patrol car, retrieved the bag of marijuana, and took appellant inside for booking.

As the first of eight assignments of error, appellant argues that there was insufficient evidence to support his conviction. Appellant argues that *Hishaw v. State*, 568 P.2d 643, (Okla.Crim.App.1977), applies here. In *Hishaw*, this Court held that "mere presence of the defendant in even such a confined area as an automobile interior in which illicit drugs are found does not, standing alone, constitute sufficient proof of his possession of such drugs." *Id.*, at 645. Appellant contends that since the automobile did not belong to him, an inference that he was unaware of its presence arose, and thus, the jury could have reasonably concluded that he lacked knowledge of the bottle's presence. He follows by arguing that the State failed to present sufficient evidence to exclude the inference that he knew nothing about the bottle in the back seat.

The test for determining the sufficiency of evidence where both direct and circumstantial evidence is presented is "whether, after reviewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." *See, Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Spuehler v. State*, 709 P.2d 202, 203 (Okla.Crim.App.1985). Aside from appellant's "mere presence" in the vehicle, there are a number of other facts the jury could consider in finding the essential elements of the crime beyond a reasonable doubt. For instance, appellant's reaching toward the back seat as Campbell approached the vehicle and his own incriminating statement suggesting he knew that the bottle contained P.C.P. were evidence before the jury. Our examination of the record compels us to conclude that the *Jackson–Spuehler* test is met in this case. The assignment of error is without merit.

In his second assignment of error, appellant argues that the inventory search of his vehicle was a subterfuge which violated his constitutional rights under Article II, Section 30 of the Oklahoma Constitution and the Fourth Amendment to the United States Constitution. This Court has repeatedly held that inventory searches conducted pursuant to standardized impoundment procedures are not violative of either the Fourth Amendment to the U.S. Constitution or to Article II, Section 30 of the Oklahoma Constitution. *Fallon v. State*, 725 P.2d 603, 604 (Okla.Crim.App.1986); *Starks v. State*, 696 P.2d 1041, 1042 (Okla. Crim.App.1985). Additionally, we have held that the inventory search must be grounded upon the need to impound the vehicle. *Lee v. State*, 628 P.2d 1172 (Okla. Crim.App.1981). Officer Campbell testified that appellant was the only occupant of the vehicle, and police department policy required him to impound the vehicle in such situations for the driver's and the police department's protection. We held such grounds to be proper in *Fallon*, and again so hold. *Accord, South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed. 2d 1000 (1976), in which the U.S. Supreme Court noted that the authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge.

Having found legitimate grounds for impoundment we now look to the inventory search. Appellant relies on *Magann v. State*, 601 P.2d 123 (Okla.Crim.App. 1979), in arguing that the officer's failure to fill out an inventory sheet suggests that the search was merely a subterfuge to find evidence. The record shows that as Officer Campbell came across items in the vehicle another member of the police department's personnel listed them on a piece of paper. Furthermore, we find that other facts, such as Officer Campbell's more complete search, rather than the narrowly tailored search in *Magann*, help to distinguish the instant case from *Magann*. Therefore, we find that the officer conducted a proper inventory search of the car

pursuant to police department policies. This assignment of error is without merit.

■ Appellant further contends in his third assignment of error that the trial court erred in refusing to suppress the drugs found in the vehicle driven by appellant. He asserts that his Fourth Amendment rights and Article II, Section 30 rights were violated under three theories: (1) the search was not a proper inventory search; (2) the search was not a proper search incident to an arrest; and, (3) appellant had not given consent to the search. We have already found that his constitutional rights were not violated by a proper inventory search resulting from a legitimate impoundment of the vehicle. Consent was therefore unnecessary. In addition, we note that having found a marijuana cigarette which fell from appellant's clothing during a lawful pat down search incident to arrest, the officer was further justified in searching the car because probable cause existed that the vehicle contained other illegal drugs and paraphenalia. Moreover, if probable cause exists to justify the search of a lawfully stopped vehicle, then it justifies the search of the entire vehicle and any of "its contents that may conceal the object of the search." *United States v. Ross*, 456 U.S. 798, 825, 102 S.Ct. 2157, 2172, 72 L.Ed.2d 572, 594 (1982). Consequently, we find no reversible error in the trial court's refusal to suppress the lawfully seized evidence. This assignment is also without merit.

In his fourth proposition, appellant once again asserts that his Fourth Amendment rights were violated by the admission of evidence which was fruit of an illegal search. He contends that the incriminating statement which he made to Officer Campbell should not have been admitted because he was induced to make it when the officer confronted him with illegally seized evidence. Since we have found that the evidence was legally seized, we fail to find any merit in this contention and move to appellant's next assertion which also concerns the incriminating statement.

■ In his fifth assignment of error, appellant complains that the trial court erred when it allowed Officer Campbell to testify as to appellant's statement in which he asked Campbell to throw the P.C.P. "out the window" because the State had failed to establish that a proper *Miranda* warning had been given. However, appellant's assertion is rebutted by the record. Although Campbell did not have his *Miranda* card with him at trial, he did testify that he read all warnings verbatim from his card and was able to identify a duplicate warning card at trial as containing the identical warnings he read to appellant. Further, there is no evidence that appellant's incriminating statement was anything other than a spontaneous, voluntary request that the officer destroy incriminating evidence. *See Shirey v. State*, 520 P.2d 701, 703 (Okla. Crim.App.1974). This assignment of error is without merit.

As his sixth assignment of error, appellant urges us to conclude that the trial was prejudiced by the admission of "other crimes" evidence. Specifically, appellant argues that it was reversible error to admit into evidence the marijuana and drug paraphenalia that Campbell found in the car appellant was driving and in the patrol car where he had been sitting.

■ Admission of other crimes evidence is specifically authorized by 12 O.S.1981, § 2404(B) to show "... opportunity, intent, ..., knowledge, ..., or absence of mistake or accident." In support of his proposition, appellant again relies on the fact that the car was not his, and thus, he knew nothing of the P.C.P. in the car. By introducing the evidence of the marijuana and drug paraphenalia, the State could have been attempting to rebut this defense, as well as to establish the elements of the offense by proving that it was not a mistake or accident that a substantial quantity of drugs, including P.C.P., was in the car and in appellant's possession. Moreover, the evidence was also admissable to prove knowledge and the intent element of the crime charged. It is important to note that appellant was charged with possession with intent to distribute, though convicted of the lesser offense of only possession. Therefore, the State had an extra element to

prove other than "mere possession." We therefore find that the evidence was relevant and properly admissable under 12 O.S. 1981, § 2404. Furthermore, we find that the evidence appellant now challenges is part of the entire transaction surrounding the offense charged. *See Bruner v. State,* 612 P.2d 1375 (Okla.Crim.App.1980); *Miles v. State,* 554 P.2d 1200 (Okla.Crim.App. 1976). Consequently, we find no merit with this proposition.

 Appellant further argues that the evidence was inadmissable because the guidelines set forth in *Burks v. State,* 594 P.2d 771 (Okla.Crim.App.1979) were not followed. He asserts that the trial court failed to adhere to steps 3, 4, and 6. Because we found the evidence admissable under § 2404 and *Bruner,* above, we dismiss appellant's arguments as to steps 3 and 4. Step 6 requires the trial court to instruct the jury as to the limited purpose of evidence of other crimes at the time such evidence is received. Appellant, however, did not object to the trial court's failure to admonish the jury. Thus, he has waived his right to raise the issue on appeal. *Sweatte v. State,* 732 P.2d 476, 477 (Okla.Crim.App.1987). Accordingly, this assignment is without merit.

 Appellant's seventh assignment of error concerns prosecutorial misconduct. He contends that the prosecutor improperly commented on the "other crimes" evidence during closing argument. This Court has been quick to condemn misconduct by prosecutors, and we will continue to do so if and when the circumstances warrant. *See, e.g., Bechtel v. State,* 738 P.2d 559 (Okla. Crim.App.1987). However, such circumstances do not exist here. Appellant's argument ignores the nature of the original crime charged, that of Possession With Intent to Distribute. The prosecutor's closing argument in this case was restricted to the evidence presented and entirely within the permissible scope of proper argumentation. *See Summers v. State,* 704 P.2d 91 (Okla.Crim.App.1985); *Robson v. State,* 611 P.2d 1135 (Okla.Crim.App.1980). This assignment of error is without merit.

 The final assignment of error raised is that the trial court improperly instructed the jury, thus denying appellant a fair trial. Neither party to this appeal explains why the conference discussing jury instructions was not transcribed, and no objections to the instructions appear in the record. *See King v. State,* 738 P.2d 947, 949 (Okla.Crim.App.1987). We will not speculate as to error. Moreover, the instructions given fairly and accurately stated the applicable law. *See Ingram v. State,* 611 P.2d 274 (Okla.Crim.App.1980). This assignment finds no support in the record and is without merit.

For the foregoing reasons, the judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., specially concurring.

PARKS, Judge, Specially Concurring:

I write separately only to comment on appellant's second assignment of error regarding the inventory search of his vehicle. The United States Supreme Court recently addressed the issue of proper inventory searches in *Colorado v. Bertine,* 479 U.S. 367, 107 S.Ct. 738, 742, 93 L.Ed.2d 739 (1987). In *Bertine,* the Supreme Court clarified the status of an inventory search by explaining that neither the policies behind the warrant requirement nor the concept of probable cause is implicated by an inventory search.

In the present case, I must agree that the search was conducted in order to inventory the contents of the vehicle. As such, the evidence was discovered pursuant to a constitutionally valid exception to the "warrant" requirement. *See Johnson v. State,* 764 P.2d 530 (Okla.Crim.App.1988).