Douglas FREEMAN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–79–454.

Court of Criminal Appeals of Oklahoma.

Aug. 28, 1980.

Alan Agee, Garvin, Agee & Meisel, Pauls Valley, for appellant.

Jan Eric Cartwright, Atty. Gen. of Oklahoma, Danny K. Shadid, Asst. Atty. Gen., for appellee.

## MEMORANDUM OPINION

CORNISH, Presiding Judge:

The appellant was convicted in Case No. CRM–78–512 in the Garvin County District Court for the crime of Unlawful Possession of a Controlled Drug. Having waived a jury trial, he was found guilty by the trial judge, and punishment was set at twenty (20) days' imprisonment in the county jail.

On August 26, 1978, two officers stopped at a drive–in restaurant. While ordering lunch, they observed an argument in progress and approached the vehicle, a Monte Carlo. They asked both parties, the appellant and his ex–wife, to exit. Unexpectedly, the appellant struck his ex–wife in the face. A brief struggle ensued between the officers and the appellant, culminating in the appellant's arrest on various charges not directly connected with this appeal.

Two officers took the appellant to jail, and a third officer took the appellant's ex–wife to the hospital. All three officers returned in approximately 30 minutes to the scene of the disturbance. Earlier, the appellant had indicated that he had driven his father's pickup to the drive–in. The drive–in owner requested that the pickup and the Monte Carlo be impounded. The officers made an inventory search of the vehicles prior to having them towed away.

Under the front seat of the pickup, a small quantity of what was believed to be marihuana was found, and on the dashboard was a container of prescription pills, issued to the appellant's ex–wife. These pills were not analyzed. In the glove compartment of the pickup, an unmarked container of yellow and black pills was discovered. One of the black pills was sent to the Oklahoma State Bureau of Investigation for analysis. It was introduced into evidence as State's Exhibit No. 1 and formed the basis for this prosecution.

Testimony at trial revealed that no inquiry had been made of the appellant, the appellant's father who owned the pickup, or the appellant's ex–wife as owner of the prescribed pills, regarding ownership of the pills found in the unmarked container. It was stipulated that the pill taken from the unmarked container was found by the OSBI analysis to be a schedule IV drug under the Controlled Dangerous Substances Act.

The only issue on appeal is whether the evidence was sufficient to sustain the appellant's conviction for Unlawful Possession of a Controlled Drug pursuant to 63 O.S.1971, § 2–402, which provides:

"A. It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance unless such substance was obtained directly, or pursuant to a valid prescription or order from a practitioner, while acting in the course of his professional practice, or except as otherwise authorized by the act."

The charge was sustained in the trial court, solely upon circumstantial evidence. The appellant's concern, however, is with the sufficiency of the evidence which purports to establish the elements of knowledge, intent and possession.

In *Magann v. State*, Okl.Cr., 601 P.2d 123, 124 (1979), this Court stated:

We have repeatedly held that mere proximity to marihuana is insufficient proof of possession. There must be additional evidence of knowledge and control. . . . (Citations omitted)

Similarly, in *Miller v. State*, Okl.Cr., 579 P.2d 200 (1978), the Court stated that where contraband is found on premises to which several persons have access, possession cannot be inferred merely from the fact that the accused was on the premises where the contraband was discovered. Rather, there must be other evidence, direct or circumstantial, from which it can be fairly inferred that the accused had knowledge and control over the seized substance. *Staples v. State*, Okl.Cr., 528 P.2d 1131 (1974).

In this case the appellant argues he did not have exclusive access to the pickup truck because (1) he had borrowed it from his father; and (2) the vehicle was left unattended for thirty (30) minutes while the appellant was transported to the county jail.

We have previously held that a conviction upon circumstantial evidence cannot be sustained if the proof does not exclude every reasonable hypotheses but that of guilt, and proof amounting only to a strong suspicion or mere probability is insufficient. *Magann v. State*, Okl.Cr., supra; *Brown v. State*, Okl.Cr., 481 P.2d 475 (1971).

The fact that the truck was borrowed, coupled with the discovery in the pickup of pills prescribed for the appellant's ex–wife, do present reasonable questions and basis for hypotheses as to who other than the appellant possessed the drugs in question. Therefore, because the State failed to exclude all other reasonable hypotheses than that of the appellant's guilt, the circumstantial evidence was insufficient to sustain the conviction.

For the above and foregoing reasons the judgment and sentenced is REVERSED.

BRETT, J., concurs.

BUSSEY, J., concurs in results.