Ronnie Delbert LEE, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–80–55.

Court of Criminal Appeals of Oklahoma.

May 15, 1981.

Louis Smith, Muskogee, for appellant.

Jan Eric Cartwright, Atty. Gen., Danny K. Shadid, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

CORNISH, Judge:

Ronnie Delbert Lee, Jr., was arrested in Muskogee, Oklahoma, and charged with a misdemeanor for siphoning gasoline from a church bus into a five gallon can. His car, which was parked in the private church parking lot near the bus, was impounded and searched. A stolen automobile battery was found inside the trunk of his vehicle. The appellant was then charged and convicted of Knowingly Concealing Stolen Property, After Former Conviction of a Felony. He received a twenty (20) year sentence with (10) years suspended. On appeal he argues that the inventory search was a subterfuge and thus improper.

It is well recognized that an inventory search of an impounded vehicle is permitted if Fourth Amendment requirements are satisfied. *Satterlee v. State*, 549 P.2d 104 (Okl.Cr.1976). However, the inventory search must be grounded on the need to impound the car; if the impoundment is improper, the search is improper.

In *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976) and in *Cady v. Dombrowski*, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973), the United States Supreme Court observed that police officers frequently have legitimate reasons to impound vehicles in the interest of public safety and in their "community care-taking functions." A vehicle involved in an accident may be impeding the flow of traffic, or a car may be abandoned or illegally parked, constituting a traffic hazard. If the car has been involved in the commission of a crime, normally its impoundment is justified.

None of the above situations is applicable to the present facts. Although the appellant was observed committing a crime, his car was in no way connected to the crime nor in a place which would constitute a traffic hazard.

There was police testimony that the vehicle was inventoried "to protect the appellant and the police." One of the arresting officers stated that the impoundment was authorized by the Muskogee police department policy and procedure manual, but when the witness was given the manual and asked to read the relevant portion into the transcript, it contained the following:

> "Whenever the driver or person in charge of any vehicle is placed under arrest and taken into custody and detained by Police under circumstances which leave the vehicle *unattended on any street or highway*, the vehicle may be impounded." (emphasis added)

The validity of an impoundment pursuant to a proper departmental policy of the police was recognized by this Court in *Lamb v. State*, 561 P.2d 123 (Okl.Cr.1977). However, no departmental guidelines were introduced into evidence covering impoundment of a vehicle from a private parking lot. Consequently, this action cannot be found to be authorized under police policy.

Recently, this Court considered a case which we think applicable here. The defendant's car was backed up to the front door of a business on private property when the defendant was arrested for a violation of the altered license tag statute. Following its impoundment, an inventory search revealed a bag of marijuana in the glove compartment of the car, which was used to support the State's prosecution for unlawful possession of marijuana. This Court found no basis for the impoundment of the defendant's vehicle under an almost identical city ordinance to the Muskogee police code and said:

> "As the appellant's automobile was parked on private property in front of a business, there is no basis under the ordinance for its impoundment. The decision to impound on private property does not properly rest with the police officer. It is encumbent upon the owner of the private property to request removal of a car if he deems it a nuisance or a trespass.

> \* \* \* \* \* \*

> "For the foregoing reasons, we find the impoundment of the vehicle to have been improper and the inventory search, therefore, invalid. The evidence procured from the unlawful inventory should have been suppressed. The judgment and sentence appealed from is REVERSED."

See *Kelly v. State*, 607 P.2d 706, 51 O.B.A.J. 382 (Okl.Cr.App.1980).

Applying *Kelly* to the instant case, this Court is compelled to Reverse and Remand the above styled and numbered cause to the District Court with instruction to sustain the appellant's motion to suppress the fruits of the inventory search.

BRETT, P. J., concurs.

BUSSEY, J., not participating.