**Rodney Anthony STARKS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–83–545.**

Court of Criminal Appeals of Oklahoma.

March 14, 1985.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Thomas L. Spencer, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Rodney Anthony Starks, the appellant herein, was charged with, tried for, and convicted in the District Court of Tulsa County, Case No. CRF–82–3227, of Knowingly Concealing Stolen Property, 21 O.S. 1981, § 1713. He was sentenced to three years imprisonment with all but ninety (90) days suspended.

On September 1, 1982, a Tulsa police officer observed appellant driving a 1973

Grand Prix in reverse at a high rate of speed. The officer engaged his emergency equipment, and appellant pulled his car into a parking lot.

Because appellant did not have a driver's license and was unclear regarding his current address, the officer took appellant into custody under the authority of TULSA, OKLA., REV. ORDINANCES, TITLE 37, § 133(A) (Supp.1971). Appellant's car was impounded, and the officer seized and inventoried two televisions and a stereo in the back seat of the car. This property was later linked to a burglary which had occurred earlier in the day.

The lone issue on this appeal is the propriety of the search of appellant's car, and the seizure of the televisions and stereo. The State seeks to justify this intrusion as a valid automobile inventory search.

It is clear that inventory searches, if conducted pursuant to standardized impoundment procedures, are not violative of either the Fourth Amendment to the Federal Constitution or to OKLA. CONST. art. II, § 30. *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); *Satterlee v. State,* 549 P.2d 104 (Okl.Cr.1976). Thus, before an inventory search may be upheld, it must be established that vehicle was lawfully impounded.

We have held that the impoundment is lawful if conducted according to the authority of a municipal ordinance, or as a requirement of police department regulations. *Lee v. State,* 628 P.2d 1172 (Okl.Cr. 1981); *Kelly v. State,* 607 P.2d 706 (Okl.Cr. 1980). The reason for this threshold requirement is made apparent by examining the basis for the inventory search: The inventory search, unlike any other police intrusion, is not limited by the warrant or probable cause requirements of either the fourth Amendment of the Oklahoma Constitution. It is a constitutionally reasonable intrusion only because it is conducted pursuant to regularized policy or law. This standardization eliminates those dangers to personal liberty engendered by proceeding without a warrant or probable cause. As Justice Powell explained:

> The officer does not make a discretionary determination to search based on a judgment that certain conditions are present. Inventory searches are conducted in accordance with established police department rules or policy and occur whenever an automobile is seized. There are thus no special facts for a neutral magistrate to evaluate.
>
> A related purpose of the warrant requirement is to prevent hindsight from affecting the evaluation of the reasonableness of a search.... In the case of an inventory search conducted in accordance with standard police department procedures, there is no significant danger of hindsight justification.

*South Dakota v. Opperman,* 428 U.S. at 383, 96 S.Ct. at 3104 (Powell, J., concurring).

This case is clearly distinguishable from *Lee,* 628 P.2d 1172, and *Kelly,* 607 P.2d 707. In both of those cases the initial confrontation commenced and ended on private property. In the instant case, appellant was observed driving in a reckless manner, driving in reverse in the wrong lane of traffic at an excessive rate of speed. This initial offense was substantiated by appellant's failure to possess a valid driving license. The fact that appellant drove onto private property after the officer turned on his emergency equipment does not preclude the officer from pursuing his task of a legal confrontation with appellant. To permit such to interfere with the officer's duties would be tantamount to providing an easy escape from responsibility by the offender.

Once the officer commenced the fulfillment of his duties, he was authorized to impound appellant's vehicle when the arrest was completed. This function is likewise supported by the officer's observance of items in the vehicle that caused him to believe they might have been stolen. *See Dick v. State,* 596 P.2d 1265 (Okl.Cr.1979).

Impoundment of the appellant's vehicle was accomplished under the authority of

TULSA, OKLA.REV. ORDINANCES, TITLE 37, § 126(A) (Supp.1972). As set out earlier, the fact that appellant drove onto private property, under these circumstances, will not vitiate the authorized impoundment and inventory of the vehicle.

For the foregoing reasons, we are of the opinion that appellant's conviction should be AFFIRMED.

BUSSEY, J., concurs.

PARKS, P.J., dissents.

PARKS, Presiding Judge, dissenting:

I respectfully dissent. Although I agree with much of what is stated by my brother, Judge Brett, I cannot agree with his conclusion that the inventory search in this case was proper.

Judge Brett's majority opinion correctly states that "[t]he inventory search, unlike any other police intrusion, is not limited by the warrant or probable cause requirements of either the Fourth Amendment or the Oklahoma Constitution. *It is constitutionally reasonable because it is conducted pursuant to regularized policy or law." Supra* at p. 2. To me, this means that "[w]hat is needed in the vehicle inventory context, then ... is not probable cause but rather a regularized set of procedures which adequately guard against [police] arbitrariness." II LaFave, *Search & Seizure, A Treatise on the Fourth Amendment,* § 74(a), p. 576. A predicate must be made prior to admission of evidence seized by an inventory search, that the inventory was conducted pursuant to municipal ordinance or police regulation.

In this case, the State wholly failed to meet this burden. The majority states that this inventory was conducted under the authority of Tulsa Revised Ordinances, Title 37, § 126(A). However, this municipal ordinance states:

A. Members of the Police Department are hereby authorized to remove or cause to be removed a vehicle from a street or highway to the nearest garage designated or maintained by the Police Department or otherwise maintained by the City of Tulsa under the circumstances hereinafter enumerated:

1. When a vehicle has been declared a nuisance and ordered impounded by the court under the provisions of Title 37, Tulsa Revised Ordinances, Section 189:

2. When a vehicle is left unattended upon any bridge, viaduct or causeway or in any tube or tunnel where such vehicle constitutes an obstruction to traffic;

3. When a vehicle upon a street or highway is so disabled or defective as to constitute an obstruction or hazard to traffic and/or the person or persons in charge of the vehicle are by reason of physical injury incapacitated to such an extent as to be unable to provide for its custody or removal;

4. When a vehicle is left unattended upon a street by reason of arrest of the driver or otherwise, or is so parked upon a street, highway or other public way as to constitute a definite hazard or obstruction to the normal movement of traffic;

5. When a vehicle is parked or left standing in excess of twenty-four (24) hours in violation of Title 37, Tulsa Revised Ordinances, Section 204.

I fail to find any language in this ordinance requiring seizure or inventory of an automobile under the circumstances found in this case. Because the inventory was not authorized pursuant to regularized police policy or law, it was unreasonable under the Fourth Amendment and Okla. Const. art. 2, § 30.

Therefore, I respectfully DISSENT.