**Clifford K. AVRIETT, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–84–296.**

Court of Criminal Appeals of Oklahoma.

May 14, 1985.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

**OPINION**

BUSSEY, Judge:

The appellant, Clifford K. Avriett, was convicted in the District Court of Garvin

County, Case No. CRF–83–109, of Possession of a Controlled Substance, for which he received a sentence of two years' imprisonment, and he appeals.

In response to a report of a shooting incident made at 12:30 a.m., January 29, 1983, Elmore City Police Officer Ronnie Davis, and a reserve officer, Bobby McClendon, detained the appellant who had stopped his vehicle on a road south of Elmore City in Garvin County because they observed that the vehicle matched the description given to them of the shooting suspect's vehicle. The appellant got out of his car and met the officers behind it. As Davis was telling him what they were investigating, McClendon reported that there was a pistol lying on the front seat. Davis walked over, picked up the weapon, and finding it was loaded, arrested the appellant for transporting a loaded firearm, and placed him in their vehicle. Then, the officers inventoried the appellant's vehicle, in the course of which Davis discovered an unzipped leather bag in the front floorboard of the passenger's side of the vehicle from which he removed a small, unlabeled brown bottle which Officer Davis testified he could plainly see lying in the bag. The bottle was found to contain phencyclidine (PCP).

The appellant raises two assignments of error, however, our decision in the second assignment of error is dispositive of this appeal.

 The appellant complains that the bottle containing the PCP was obtained during an illegal search. The State asserts that the evidence seized (the bottle) was admissible as it was obtained during a valid inventory search. The purpose of an inventory of a vehicle is to secure it and its contents for impoundment, to protect the property of the owner, and to protect the police officers and garagemen against false charges of theft of the contents of the vehicle. *Gonzales v. State*, 507 P.d 1277 (Okl.Cr.1973). The seizure and search of the bottle was unnecessary and not in furtherance of the purpose of the inventory, which could have been achieved by leaving said bottle in a zipped bag and storing it with the contents of the vehicle during impoundment. The officer had no reason to believe that the content of the bottle was PCP since according to his testimony during cross-examination, he could only discern that the bottle contained a liquid, and merely suspicioned that the liquid was contraband. Therefore, he had no authority under law to search the bottle, and its search and seizure violated the constitutional rights of the accused who had a reasonable expectation of privacy under the circumstances presented.

For the reasons stated, we are of the opinion that the judgment and sentence appealed from should be, and the same hereby is REVERSED and REMANDED with instructions to DISMISS.

PARKS, P.J., and BRETT, J., concur.