Lawrence Joe JOHNSON, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–3.

Court of Criminal Appeals of Oklahoma.

Oct. 25, 1988.

Rehearing Denied Dec. 5, 1988.

Mark Barrett, Norman, for appellant.

Michael C. Turpin, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

The appellant, Lawrence Joe Johnson, was tried by jury in Carter County District Court, Case No. CRF–82–319, and found guilty of Possession of Marijuana with Intent to Distribute, After Former Conviction of Two or More Felonies, in violation of 63 O.S.1981, § 2–402(B)(1), and 21 O.S.1981, § 51(B). He was sentenced to twenty (20) years' imprisonment. From this judgment and sentence, appellant has perfected his appeal to this Court.

On November 6, 1982, appellant was stopped by an Ardmore Police Officer for driving at an excessive rate of speed. The officer believed appellant to have been driving under the influence of intoxicating liquor and arrested him. The vehicle was impounded and inventoried, and it was later discovered that appellant was not the owner of the car.

During the inventory, police discovered a garbage bag, tied with a knot, in the trunk of the car. The bag held two freezer bags containing a green leafy substance later identified as marijuana by an O.S.B.I. criminalist. A bank bag containing Diazepam pills, some marijuana, and two brown viles was found between the driver's seat and the console. Several letters and bills addressed to appellant were in the glove compartment.

The owner of the car testified that he had loaned the car to appellant. The owner further testified that just prior to loaning the car to appellant, he had loaned it to at least five other people. Additionally, the owner stated that the tools belonging to a

borrower other than appellant were in the trunk.

In his first assignment of error, appellant contends that his conviction should be reversed because the State presented insufficient evidence to prove that he knowingly possessed the contraband. We disagree. "Possession" and "guilty knowledge" are among the essential elements of the crime of possession of a controlled dangerous substance. An accused who is not found to be in actual physical custody of contraband, but who knows of its presence and has the power and intent to control its disposition or use, is in "constructive possession" of drugs. *Staples v. State*, 528 P.2d 1131, 1133 (Okl. Cr.1974). When an accused is not apprehended while in physical custody of contraband, proof of the "knowledge" and "control" necessary to justify an inference of "possession" (i.e., constructive possession) can be and usually is circumstantial. *Id.* at 1133. In addition, when evidence presented against an accused is solely circumstantial, it must exclude every *reasonable* hypothesis except that of guilt to be sufficient. *Riley v. State*, 760 P.2d 198, 199 (Okl.Cr.1988).

Proof of knowing possession of drugs is often solely circumstantial, and thus requires that guilt be determined through a series of inferences. Yet, not every circumstantial case supports an inference that the accused knowingly possessed drugs. Whether an inference of knowing possession of drugs is legally permissible depends upon whether the accused had exclusive "access, use, or possession" of the premises where drugs are found. *Staples*, 528 P.2d at 1134. However, even in the absence of proof of possession and exclusive control, constructive possession may still be proven if "there are additional independent factors showing [the accused's] knowledge and control." *Id.*, 528 P.2d at 1134. Such independent factors may consist of "incriminating conduct by the accused, . . . or any other circumstance from which possession may be fairly inferred." *Id.* (citations omitted).

The appellant in the case at bar was not found in actual physical possession of contraband. Therefore, his guilt or innocence is to be determined according to the inferences which the circumstantial evidence against him properly supports. Appellant sets forth two arguments in support of his claim that the jury was not permitted to infer that he knowingly possessed the marijuana: first, he did not have *exclusive access* to the car in which the drugs were found because the car in which he was riding did not belong to him and had been frequently loaned to other individuals prior to being loaned to him; and second, no additional evidence of his knowledge and control of the contraband was presented.

While the fact that a car in which drugs were discovered had been borrowed has been a significant factor in determining whether a person found in the car had exclusive access to it (*see Freeman v. State*, 617 P.2d 235 (Okl.Cr.1980)), we do not believe that this fact renders the evidence in appellant's case insufficient. Assuming that the thirty-six hour period during which he did exercise exclusive possession and control over the vehicle would not suffice to support an inference that he knowingly possessed the drugs therein, there were "additional independent factors" introduced to show appellant's knowledge of the drugs and control over the vehicle. He had the keys to the ignition as well as those to the trunk, and was the sole occupant at the time of his arrest. There were letters and bills addressed to appellant which were found in the glove compartment, suggesting that he had spent sufficient time in the car to feel comfortable storing his personal effects there. Finally, a bank bag located near appellant, between the driver's seat and the console, contained among other things marijuana— the very substance discovered in the trunk. Because the solely circumstantial evidence in the case at bar excluded every *reasonable* hypothesis except that of appellant's guilt, we hold that it was sufficient to support his conviction. Appellant's first assignment of error, therefore, is denied.

In his second assignment of error, appellant asserts that the marijuana admitted against him at trial should have been excluded as the fruit of an illegal inventory search. "[I]nventory searches are now a well-defined exception to the warrant requirement of the Fourth Amendment." *Colorado v. Bertine,* 479 U.S. 367, 370–72, 107 S.Ct. 738, 741, 93 L.Ed.2d 739 (1987); *Starks v. State,* 696 P.2d 1041, 1042 (Okl. Cr.1985). An inventory search is reasonable under the Fourth Amendment if conducted pursuant to a standard policy or law which is designed "to secure and protect vehicles and their contents within police custody." *Bertine,* 479 U.S. at 370–72, 107 S.Ct. at 741; *see also Starks,* 696 P.2d at 1042. As long as the protective inventory procedures are not just a "subterfuge for criminal investigations," they are considered reasonable. *South Dakota v. Opperman,* 428 U.S. 364, 370 n. 5, 96 S.Ct. 3092, 3097 n. 5, 49 L.Ed.2d 1000 (1976).

Appellant attacks the inventory search on three grounds. First, he argues that the search should be invalidated under our holding in *Avriett v. State,* 699 P.2d 666 (Okl.Cr.1985). In that case, the defendant was stopped by police because his car matched the description of a shooting suspect's vehicle. The police arrested him and conducted an inventory search of the vehicle, during which they found an unzipped bag. They analyzed the contents of a small, unlabeled, brown bottle discovered therein, and found that it contained phencyclidine (PCP). We invalidated the search on the following grounds: "The seizure and search of the bottle was unnecessary and not in furtherance of the purpose of the inventory, which could have been achieved by leaving said bottle in a zipped bag and storing it with the contents of the vehicle during impoundment." (*Id.* at 667); the officer had no reasonable cause to believe that the bottle contained PCP; and, the accused in that case had a reasonable expectation of privacy in the items searched.

We find *Colorado v. Bertine* controlling. In *Bertine,* the United States Supreme Court upheld an inventory search in which police opened a zipped backpack and removed and opened metal cannisters containing drugs, drug paraphernalia, and cash. Some of the rules governing inventory searches, which the Court reiterated, indicate that the rationale behind the invalidation of the inventory search in *Avriett* was incorrect: neither the policies behind the warrant requirement, nor the related concept of probable cause, are implicated in an inventory search (*Id.* 479 U.S. at 370–72, 107 S.Ct. at 741; *see also Starks v. State,* 696 P.2d 1041); and, police officers are not required to weigh an individual's privacy interest in a particular container against the need to search the container, prior to conducting an inventory search (*Bertine,* 479 U.S. at 374–76, 107 S.Ct. at 743). Because the search in *Avriett* was erroneously invalidated, we hereby overrule that opinion and all authority consistent with it.

In a second attack upon the inventory search, appellant argues that the guidelines governing the search were not designed to "secure and protect vehicles and their contents" (*Bertine,* 479 U.S. at 370–72, 107 S.Ct. at 741), and were not, therefore, reasonable under the Fourth Amendment. We disagree. Directive # 80–1, introduced as Defendant's Exhibit E, states, in pertinent part:

It shall be the policy of the department that the following procedure be used when making a personal property inventory of any vehicle that might be impounded as a result of action initiated by any officer of the department:

1. Vehicle to be inventoried must be impounded as the result of that vehicle being left unattended upon a street by reason of the arrest of the driver or is so parked as to constitute a definate [sic] hazzard [sic] or obstruction of normal traffic flow.

Impounding a car such as appellant's which would otherwise be left unattended on the street is, in our opinion, a means of furthering legitimate community caretaking goals. *See South Dakota v. Opperman,* 428 U.S. at 368, 96 S.Ct. at 3097. And, Officer Hall's testimony that these guidelines had been read but not actually given

to him in writing does not invalidate his actions, since they remained within policy parameters.

In a final attempt to invalidate the inventory search, appellant argues that it was not conducted in accordance with standard police procedure. (*See Opperman,* 428 U.S. at 374–75, 96 S.Ct. at 3100). We have already determined that Officer Hall was following departmental guidelines when he impounded and inventoried appellant's car. Regarding the scope of the search the Supreme Court in *Bertine* held that an inventory involving the opening of containers is reasonable, but only if conducted "according to standardized criteria" which requires such a degree of intrusion. Id. at 372–74, 107 S.Ct. at 742 n. 6; *see also Fallon v. State,* 725 P.2d 603, 604–05 (Okl.Cr.1986).

■ The fourth guideline in Directive # 80–1 provided the following:

3. All areas of the vehicle must be inventoried, glove compartment, luggage compartment, etc., provided entry can be gained without forcing locks.

4. Items of personal property inside the vehicle that are *locked* with a seperate [sic] *lock,* such as luggage, tool boxes, etc. shall not be entered without proper authority.

(emphasis in original). By prohibiting only the intrusion into separately locked containers, and requiring that "[e]ach item found ... be shown on the inventory report," the policy of the Ardmore Police Department was to obtain a detailed inventory of all legally discoverable items found in appellant's car. Officer Hall's decision to open the "unlocked" garbage bags and bank bag was well within the scope of standard departmental procedure. Therefore, the inventory search of appellant's car was not invalidated on this basis. Appellant's second assignment of error is denied.

In appellant's third assignment of error, he asserts that the trial court erred in admitting "other crimes" evidence of the cocaine and Diazepam pills in the bank bag which was found between the driver's seat and the console of the car. Appellant does not allege any *Burks v. State,* 594 P.2d 771 (Okl.Cr.1979) violations, or claim that the

"other crimes" evidence failed to meet any of the statutory exceptions to inadmissibility listed in 12 O.S.1981, § 2404(B). Instead, he attacks the admission of this "other crimes" evidence solely on the basis that its probative value was "substantially outweighed by the danger of unfair prejudice...." *See* 12 O.S.1981, §§ 2403 and 2404(B).

■ We find that this evidence—especially the marijuana—was probative on the issue of whether appellant knowingly possessed the contraband in the trunk. We acknowledge the potentially prejudicial nature of the cocaine, but will not reverse appellant's conviction on the basis of improperly admitted evidence "without a showing of severe prejudice or a breach of a defendant's fundamental rights." *Ozbun v. State,* 659 P.2d 954, 958 (Okl.Cr.1983) (citations ommitted). The trial court administered a limiting instruction to the jury, comparable to OUJI–CR–807 (1981), which directed them not to rely upon the "other crimes" evidence for proof of guilt or innocence. *See Hall v. State,* 698 P.2d 33, 38 (Okl.Cr.1985). In light of the competent evidence supporting appellant's guilt, and the fact that he received the minimum sentence possible for his offense, we find that the improper admission of "other crimes" evidence did not prejudice appellant and thus does not warrant reversal. *See Master v. State,* 702 P.2d 375, 380 (Okl.Cr.1985). Appellant's third assignment of error is, therefore, denied.

■ In his fourth assignment of error, appellant alleges that the trial court committed reversible error in failing to instruct the jury on his theory of defense. *See Grizzle v. State,* 707 P.2d 1210, 1213 (Okl. Cr.1985). Specifically, he claims that the trial court should have administered his proposed instruction defining the quality and quantity of evidence necessary to prove the element of "possession" in the crime of possession of a controlled substance. We disagree.

"[I]t is not error to refuse requested instructions when they are substantially covered by the court's instructions."

*Davis v. State,* 640 P.2d 573, 577 (Okl.Cr. 1982). In the instant case, the trial court administered an instruction which "substantially covered" the one offered by appellant. The pertinent portion of the trial court's instruction stated:

The term "possession" means either actual physical custody or knowledge of the presence of a substance as well as power and intent to control its use. However, mere proximity to a substance is insufficient proof of possession. There must be additional evidence of knowledge and control by the defendant. Such knowledge and control may be established by circumstantial evidence, but such circumstantial evidence must exclude every reasonable hypothesis except that of guilt, and proof amounting to mere probability or even strong suspicion is insufficient. The term "knowing" means being aware of the existence of facts which cause an act to be criminal in nature. A person need not know the applicable law to do an act knowingly, but only be aware of the applicable facts.

We find that the trial court's instructions not only covered the defense theory which appellant offered in his proposed instruction, but also fairly stated the applicable law. *Id.* Therefore, appellant's fourth assignment of error is denied.

 Appellant alleges in his fifth assignment of error that he was denied his Sixth Amendment right to the effective assistance of counsel because his attorney failed to present evidence—offered by his attorney at the first trial—that someone other than appellant owned the bank bag in which drugs were found. To succeed on a claim of ineffective assistance of counsel, the accused must demonstrate two things: that his attorney's performance was unreasonably deficient, and that such performance denied him a fair trial. *Stickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Appellant argues that his attorney's failure to elicit from a witness at his second trial some information which was elicited from this witness at his first trial, constituted unreasonably poor performance.

 Defense counsel's decision to elicit testimony during appellant's second trial—which was different than the testimony elicited by another defense attorney during appellant's first trial—was a tactical decision with which we will not interfere. *Id.* at 689, 104 S.Ct. at 2065. Because defense counsel's strategy was reasonable, it could not have prejudiced appellant. Therefore, his fifth assignment of error is denied.

In his sixth assignment of error, appellant claims that because the constitutional validity of his two prior convictions—introduced at trial for enhancement purposes—is being challenged in this Court, his sentence should be reduced so as not to reflect the enhancement. However, this Court upheld appellant's two prior convictions through an order affirming the denial of post-conviction relief (PC–84–777). Therefore, the basis for appellant's sentence is valid and his contention is without merit.

Finding no error, judgment and sentence is AFFIRMED.

BUSSEY, J., concurs.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

I agree with the majority that the United States Supreme Court's well reasoned decision in *Colorado v. Bertine,* 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987), compared to our prior decision in *Avriett v. State,* 699 P.2d 666 (Okla.Crim.App.1985), represents the better approach, and is controlling here. The police inventory of the garbage bag in the trunk was pursuant to standardized police departmental procedures, and legitimately furthered the government's interest in securing the property to guard against claims of theft, vandalism, or negligence. *Bertine,* at 372–74, 107 S.Ct. at 742. However, I disagree with the majority's statement that "the search in *Avriett* was erroneously invalidated...." *Majority,* at 533. It is unfair to criticize the *Avriett* opinion in light of *Bertine,* which was decided some twenty (20) months later. I would adopt the *Bertine* approach and overrule *Avriett,* and any other prior case, only to the extent such is

contrary to *Bertine*. Accordingly, I concur.