STATE of Oklahoma, Appellant,

v.

Joseph Richard TINKLER, and Tippie Annette McCarty, Appellees.

No. S–90–1055.

Court of Criminal Appeals of Oklahoma.

July 12, 1991.

Clive C. Clark, Asst. Dist. Atty., Antlers, for appellant.

Stamper, Otis & Burrage, Jerry Otis, Antlers, for appellee Joseph Tinkler.

Robert S. Settles, Antlers, for appellee Tippie McCarty.

## OPINION

LANE, Presiding Judge:

This is an appeal brought by the State of Oklahoma from a decision by a magistrate during a preliminary examination in Pushmataha County District Court, Case Nos. CRF–89–066 and CRF–89–067, holding that the procedures established by the legislature and codified at 22 O.S.Supp.1989, § 751 are unconstitutional. At the outset, we must note that the record before us fails to establish the posture in which the case now stands. The State has not provided any information which would indicate under which subsection of 22 O.S.1981, § 1053 the instant appeal is pursued. There is no indication that the decision was appealed to the district court or that the information in question was quashed or set aside. Accordingly, we will treat the appeal as arising under 22 O.S.1981, § 1053.1, which requires the district attorney to appeal all decisions wherein a statute of this State has been declared unconstitutional. Accordingly, the effect of this opinion will be merely as establishing guidelines for future problems under the statutory section in question. *State v. Mazurek,* 546 P.2d 1327 (Okl.Cr.1976).

The controversy in question arose during the Appellees' preliminary examination on charges of drug trafficking. The State offered a report prepared by the forensic chemist who analyzed the substances submitted which had been seized from the Appellees. The report was offered at the hearing pursuant to 22 O.S.1981, § 751, which provides, in pertinent part:

> At any preliminary hearing, a report of the findings of the laboratory of the Bureau, which has been made available to the accused by the office of the district attorney at least five (5) days prior to the preliminary hearing, with reference to all or any part of the evidence submitted, when certified as correct by the Bureau employee making the report shall, when offered by the state or the accused, be received as evidence of the facts and findings stated, if relevant and otherwise admissible in evidence.

The magistrate held that the admission of the certified copy of the report constituted a violation of the Appellees' right to confront the witnesses against them as guaranteed by the Oklahoma Constitution, Art 2, § 20, and the Sixth Amendment to the Constitution of the United States. We disagree and reverse the finding of the magistrate.

The United States Supreme Court considered the purpose of the Confrontation Clause in *Mattox v. United States,* 156 U.S. 237, 242, 15 S.Ct. 337, 339, 39 L.Ed. 409 (1895):

> The primary objective of the constitutional provision in question was to prevent depositions or *ex parte* affidavits, such as were sometimes admitted in civil cases, being used against the prisoner in lieu of a personal examination and cross-examination of the witness, in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief.

This pronouncement by the Court resulted from the consideration of a situation distinctly different from the present case. In *Mattox*, the Court was called on to consider whether testimony presented at a preliminary examination could be admitted at the trial on those same charges when the witness was unavailable due to his death during the intervening time between the hearing and the trial. The Court held that in the interests of justice, the testimony should be allowed provided that certain safeguards were satisfied.

In the present case, we are not concerned with the protection of the accused' right to confrontation at *trial*, but rather at a proceeding that is merely precursory to a trial, a proceeding which in fact determines whether the trial should even occur. It follows then, that the rights and privileges afforded participants may not be the same for both trial and preliminary examination.

Although this Court has not before considered the applicability of the right to confront witnesses during a preliminary examination, we have considered the status of the preliminary as compared to an actual trial on the merits of a criminal charge. In *Application of Melton*, 342 P.2d 571, 573 (Okl.Cr.1959), this Court quoted from a previous opinion, *Inverarity v. Zumwalt*, 279 P.2d 372, 373 (Okl.Cr.1955) which held:

> A preliminary hearing is not a trial but is analogous to a grand jury proceeding, and the provision of art. II, Sec. 20, Okla. Constitution, in regard to a speedy trial will not be applicable to the same in the absences of the necessary jurisdictional requisites.

In a previous case, apparently arising out of the same matter, this Court held that the rights provided by art. II, Sec. 20 are limited by the very terms of the provision. We held that the right to a speedy trial was limited to " 'trial by an impartial jury of the county in which the crime shall have been committed.' " *Inverarity v. Zumwalt*, 97 Okla.Crim. 294, 262 P.2d 725, 727 (1953). We find this same result to be warranted in the present case.

In *Barber v. Page*, 390 U.S. 719, 721, 88 S.Ct. 1318, 1320, 20 L.Ed.2d 255 (1968), a case arising from a conviction which occurred in Oklahoma, the Court affirmed and extrapolated its previous holding from *Mattox*, quoted above. The Court held:

> The right to confrontation is basically a trial right. It includes both the opportunity to cross-examine and the occasion for the jury to weigh the demeanor of the witness. A preliminary hearing is ordinarily a much less searching exploration into the merits of a case than a trial, simply because its function is the more limited one of determining whether probable cause exists to hold the accused for trial.

*Id.* at 725, 88 S.Ct. at 1322.

Quite simply, a preliminary examination is not a trial. No final disposition occurs which results in a determination of the guilt or innocence of the accused. The purpose of the hearing, while certainly to the benefit of the accused, is simply to test the State's ability to prove not only that a crime was committed, but that probable cause exists that the defendant was the one who committed the crime. *Johnson v. State*, 731 P.2d 424 (Okl.Cr.1986); *Diaz v. State*, 728 P.2d 503, 510 (Okl.Cr.1986); *Howell v. State*, 530 P.2d 1371 (Okl.Cr. 1975).

By enacting the provisions of Section 751, the legislature has created a narrow, limited exception to the hearsay rule, applicable only in the case of a preliminary examination. It follows as a matter of course that the ability to confront the actual witness is eliminated by the establishment of the rule. This is true with all the legislatively created exceptions to the hearsay rule. *See* 12 O.S.1981, §§ 2803, 2804.

In this situation, the evidence in question, a certified copy of a forensic report, is sufficiently reliable to be admissible without supporting testimony to be offered as proof by the State that a crime has in fact been committed. The standard of proof at preliminary is decidedly lower than the "beyond a reasonable doubt" standard which must be met at trial. In light of that differing burden of proof, the legislature, obviously in an economically minded effort, decided that for the preliminary examina-

tion only, an additional exception to the rule against hearsay evidence was warranted. We do not find that this exception results in the denial of any right protected by either the State or Federal Constitutions. Accordingly, the decision of the magistrate which holds the section unconstitutional is REVERSED and the constitutionality of the section is confirmed.

LUMPKIN, V.P.J., and BRETT, PARKS and JOHNSON, JJ., concur.