OSCN Found Document:STATE v. FEEKEN

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STATE v. FEEKEN
2016 OK CR 6
Case Number: S-2015-661
Decided: 03/17/2016
THE STATE OF OKLAHOMA, Appellant, v. HENRY DEAN FEEKEN, Appellee.
Cite as: 2016 OK CR 6, __ __

 

 

S U M M A R Y O P I N I O N

SMITH, PRESIDING JUDGE:

¶1 Appellee, Henry Dean Feeken, is charged by Information filed July 22, 2014, in Caddo County District Court, Case No. CF-2014-160, with Trafficking in Methamphetamine (63 O.S.2011, § 2-415). On December 12, 2014, Appellee's counsel filed a motion alleging that the search which revealed the drugs at issue was unreasonable and violated provisions of the federal and state constitutions, and that the evidence should be suppressed and the case dismissed. The State filed a response on December 17, 2014. Preliminary hearing was held January 14, 2015 before Special Judge David A. Stephens. Judge Stephens denied the request to suppress the evidence, and Appellee was bound over for trial. Appellee filed a second motion to suppress on March 27, 2015. By order issued July 10, 2015, the Honorable Richard G. Van Dyck, District Judge, granted Appellee's motion. The State filed Notice of Intent to Appeal on July 20, 2015, and filed a Petition in Error in this Court on August 10, 2015. The State's appeal is timely and permitted under 22 O.S.2011, § 1053(5).[1]

 

¶2 The State raises two propositions of error in support of its appeal:

 

PROPOSITION I. The officers had reasonable suspicion and probable cause pursuant to Illinois v. Gates and Florida v. Harris to deploy the certified, drug sniffing dog during a "non-traffic related" encounter with defendant.

PROPOSITION II. Appellee was never illegally detained since the deputy's initial, reasonable suspicion for the investigatory encounter had not ceased despite discovering that the motorcycle had no insurance coverage required by the compulsory insurance law of Oklahoma.

¶3 When reviewing a district court's ruling on a motion to suppress evidence, we consider the evidence in a light most favorable to the ruling, accepting the district court's factual determinations which are supported by evidence; we review the district court's legal conclusions de novo. Coffia v. State, 2008 OK CR 24, ¶ 5, 191 P.3d 594, 596; Seabolt v. State, 2006 OK CR 50, ¶ 5, 152 P.3d 235, 237. Since the district court's order sets forth neither the facts nor the legal analysis supporting its ruling, we turn to the evidence presented at preliminary hearing and consider whether it fairly supports the ruling under relevant legal principles.

¶4 The charges in this case stem from Appellee's encounter with police in a commercial parking lot in the early morning hours of July 19, 2014. Caddo County Deputy Sheriff Clarence Ferguson saw Appellee standing beside a motorcycle in the parking lot of a closed business. Ferguson approached in his patrol truck, got out, greeted Appellee and asked what he was doing. Appellee replied that he was "taking a break." Ferguson asked for and received Appellee's driver's license, and proceeded to run a records check on the license as well as the motorcycle registration tag. When Ferguson learned that the motorcycle was not covered by liability insurance, he decided to impound it, as he was authorized to do by Oklahoma law. 47 O.S.Supp.2014, § 7-606. Ferguson then radioed for assistance. Hinton Police Officer Chad Geraughty, who, along with his drug-sniffing canine, happened to be on patrol in the parking lot of a casino across the street, arrived about two minutes later. Geraughty observed Deputy Ferguson ask Appellee for consent to search the motorcycle's compartments. Appellee agreed, then reached into a rear compartment on the vehicle and removed a travel bag. When Ferguson asked to search the compartment itself, Appellant refused. Ferguson then asked Geraughty to deploy his canine around the motorcycle. The canine indicated on the rear compartment of the motorcycle. Ferguson searched the compartment, found a quantity of methamphetamine and a smoking pipe inside, and placed Appellee under arrest. According to dispatcher logs, this chain of events, from Ferguson's first approach to the arrival of Geraughty and his canine, took about six minutes.

¶5 Police are tasked with assisting those who may be in need of help as well as investigating crimes. Every police-citizen encounter has the potential to unfold in any number of ways. Activity is "suspicious," and worthy of an officer's attention, when it is out of the ordinary; it need not be patently criminal, just unusual. The Fourth Amendment to the United States Constitution, and corresponding provisions of the Oklahoma Constitution, protect against "unreasonable" searches and seizures of citizens and their property. We evaluate the reasonableness of encounters such as the one before us under the principles found in Terry v. Ohio, 392 U.S. 1, 19-20, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968): Whether the officer's initial encounter was justified at its inception, and whether his subsequent actions were "reasonably related in scope to the circumstances which justified the interference in the first place." McGaughey v. State, 2001 OK CR 33, ¶ 24, 37 P.3d 130, 136 (quoting Terry).

¶6 There is nothing unreasonable about police approaching citizens in a public place (particularly if they might reasonably appear to be in need of assistance), or to request basic information from motorists to ensure that they, and their vehicles, comply with the rules of the road. Such encounters only become unreasonable when police detain motorists longer than should be necessary to complete such inquiries. If, during such routine encounters, the officer develops reasonable suspicion of criminal activity, the encounter may be extended as necessary (in other words, without unreasonable delay) to confirm or dispel that suspicion through lawful means. State v. Paul, 2003 OK CR 1, ¶ 3, 62 P.3d 389, 390.

¶7 From the conditions in which he first observed Appellee, it appears to this Court that Deputy Ferguson had the right, if not the responsibility, to check on Appellee's welfare. See Coffia, 2008 OK CR 24, ¶ 13, 191 P.3d at 598. As one could reasonably conclude, from the circumstances, that Appellee had been traveling on the motorcycle, Ferguson could reasonably ask to see his driver's license and vehicle information. Once he learned that the motorcycle was not legally drivable on public roads in Oklahoma, Ferguson was authorized by law to arrest Appellee, impound the vehicle, or both. 47 O.S.Supp.2014, § 7-606.[2]

¶8 Impoundment of the motorcycle would involve inventory of its contents for security and liability purposes - to protect the public, the vehicle owner, and the police. Such an undertaking is a reasonable administrative task, and is not considered a "search" under the Fourth Amendment. South Dakota v. Opperman, 428 U.S. 364, 369-370, 96 S.Ct. 3092, 3097, 49 L.Ed.2d 1000 (1976); Lee v. State, 1981 OK CR 59, ¶ 3, 628 P.2d 1172, 1173; Starks v. State, 1985 OK CR 31, ¶¶ 5-6, 696 P.2d 1041, 1042. We might end our analysis at this point, concluding that discovery of the methamphetamine was inevitable. See Nix v. Williams, 467 U.S. 431, 446, 104 S.Ct. 2501, 2510, 81 L.Ed.2d 377 (1984) ("Exclusion of physical evidence that would inevitably have been discovered adds nothing to either the integrity or fairness of a criminal trial"). But even apart from the "inevitable discovery" doctrine, the officers' subsequent actions were all reasonable in scope and duration. Having decided to impound the vehicle because it was not drivable on Oklahoma roads, Deputy Ferguson reasonably called for assistance in that endeavor. Assistance (and the drug-sniffing canine) were literally across the street, and arrived within minutes. Deployment of the canine around the motorcycle (after Appellee's refusal to allow inspection of the vehicle compartments) was not a "search," and the canine's signal afforded probable cause to believe that one or more of the controlled drugs that the animal was trained to detect were secreted on the vehicle. United States v. Place, 462 U.S. 696, 707, 103 S.Ct. 2637, 2644-45, 77 L.Ed.2d 110 (1983); Paul, 2003 OK CR 1, ¶ 3, 62 P.3d at 390. We respectfully disagree with the district court, and conclude that the entire encounter between Appellee and police, which led to the discovery of the contraband at issue in this case, was "reasonable" under the circumstances.

DECISION

¶9 The order of the District Court of Caddo County sustaining Defendant's Motion to Suppress is REVERSED, and the case is REMANDED for further proceedings consistent with this Opinion. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2016), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF CADDO COUNTY
THE HONORABLE RICHARD G. VAN DYCK, DISTRICT JUDGE

 
 
 
  

 
 ATTORNEYS AT TRIAL

 TONY R. BURNS
 129 WEST BROADWAY
 ANADARKO, OK 73005
 COUNSEL FOR DEFENDANT

 
 
 
 
 ALAN D. ROSENBAUM
 W.R. MOON, JR.
 ASSISTANT DISTRICT ATTORNEYS
 CADDO COUNTY COURTHOUSE
 201 WEST OKLAHOMA, SUITE 1
 ANADARKO, OK 73005
 COUNSEL FOR THE STATE
 
 
 ATTORNEYS ON APPEAL

 JASON HICKS
 DISTRICT ATTORNEY
 ALAN D. ROSENBAUM
 W.R. MOON, JR.
 ASSISTANT DISTRICT ATTORNEYS
 201 WEST OKLAHOMA, SUITE 1
 ANADARKO, OK 73005
 COUNSEL FOR APPELLANT/STATE

 TONY R. BURNS
 129 WEST BROADWAY
 ANADARKO, OK 73005
 COUNSEL FOR APPELLEE
 
 
 

 

OPINION BY: Smith, P.J.
Lumpkin, v.p.J.: CONCUR
Johnson, J.: CONCUR
Lewis, J.: CONCUR
HUDSON, J.: CONCUR

FOOTNOTES

[1] Both of Appellee's motions were titled "Motion to Quash," but both argue that the evidence supporting the charge should be suppressed under the Fourth Amendment to the United States Constitution and corresponding provisions of the Oklahoma constitution. The motions are, in substance, motions to suppress, and we interpret the district court's order accordingly. See State v. Tinkler, 1991 OK CR 73, ¶ 1, 815 P.2d 190, 191 (where the State failed to specify the statutory basis for its appeal, this Court chose the most appropriate one), overruled on other grounds, State v. Johnson (opinion on rehearing), 1992 OK CR 72, ¶ 4, 877 P.2d 1136, 1143; State v. Delso, 2013 OK CR 5, ¶ 5, 298 P.3d 1192, 1193 (while the pleading at issue was entitled "motion to dismiss," it challenged the sufficiency of the evidence, and was therefore treated on appeal as a motion to quash for insufficient evidence). Because the evidence at issue here forms the entirety of the proof supporting the charges, such that the State's ability to prosecute the case would be foreclosed without it, we find that resolution of this appeal would be "in the best interests of justice," as required under 22 O.S.2011, § 1053(5). State v. Iven, 2014 OK CR 8, ¶ 6, 335 P.3d 264, 267.

[2] An officer who has probable cause to believe that the vehicle "is not insured as required by the Compulsory Insurance Law of this state" may arrange to have the vehicle impounded, even if it is found upon a "private parking lot[] accessible to the public." 47 O.S.Supp.2013, § 955.

 






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1991 OK CR 73, 815 P.2d 190, STATE v. TINKLER
Discussed
 1992 OK CR 72, 877 P.2d 1136, STATE v. JOHNSON
Discussed
 2001 OK CR 33, 37 P.3d 130, 72 OBJ 3431, MCGAUGHEY v. STATE
Discussed
 2003 OK CR 1, 62 P.3d 389, STATE v. PAUL
Discussed at Length
 2006 OK CR 50, 152 P.3d 235, SEABOLT v. STATE
Discussed
 2008 OK CR 24, 191 P.3d 594, COFFIA v. STATE
Discussed at Length
 2013 OK CR 5, 298 P.3d 1192, STATE v. DELSO
Discussed
 2014 OK CR 8, 335 P.3d 264, STATE v. IVEN
Discussed
 1981 OK CR 59, 628 P.2d 1172, LEE v. STATE
Discussed
 1985 OK CR 31, 696 P.2d 1041, STARKS v. STATE
Discussed
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 1053, State or Municipality May Appeal in What Cases
Discussed
Title 47. Motor Vehicles
 Cite
Name
Level

 47 O.S. 7-606, Failure to Maintain Insurance or Security - Failure to Provide Proof of Insurance or Security - Penalties
Discussed
 47 O.S. 955, Towing of Vehicle from Roadway - Grounds
Cited
Title 63. Public Health and Safety
 Cite
Name
Level

 63 O.S. 2-415, Applicability of Act - Unlawful Acts - Violations - Penalties
Cited