FILED
United States Court of Appeals
Tenth Circuit

May 29, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BRANDON L. JENKINS,

    Petitioner - Appellant,

v.

CARRIE BRIDGES,

    Respondent - Appellee.

No. 24-5145
(D.C. No. 4:22-CV-00036-GKF-JFJ)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **EID**, and **CARSON**, Circuit Judges.
_____

Petitioner Brandon Jenkins, proceeding pro se, seeks a certificate of appealability

to challenge the district court's dismissal of his 28 U.S.C. § 2254 petition for a writ of

habeas corpus seeking relief from his drug trafficking and firearm possession convictions

in Oklahoma-state court.  For the reasons below, we deny his request for a certificate.

I.

A Tulsa, Oklahoma police officer saw Petitioner commit two minor traffic

violations.  Activating his siren and lights, the officer attempted to pull Petitioner over.

Petitioner declined to, and a low-speed chase followed.  During the chase, Petitioner

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

threw two objects out of his passenger-side window. Petitioner eventually pulled over. An officer arrested him for driving without a license after he admitted to doing so. Searching the scene after the traffic stop, another officer found two objects a block apart from each other on the same street down which Petitioner drove: a nine-millimeter pistol and a bag of methamphetamine. The officer that found the pistol and methamphetamine noticed that "the gun was warmer" than the outside temperature, and "was dry" despite recent rain. The gun was loaded but inoperable and had scuff marks consistent with being "thrown against concrete."

An Oklahoma-state jury convicted Petitioner of firearm possession while committing a felony and drug trafficking, among other crimes. After exhausting his state appeals and filing two postconviction applications, Petitioner turned to federal court. He argued in the Northern District of Oklahoma that the state jury lacked constitutionally sufficient evidence to convict him and that the Supreme Court's decision in McGirt v. Oklahoma, 591 U.S. 894 (2020), forbade Oklahoma authorities from prosecuting him. Neither argument persuaded the district court, which denied his habeas corpus petition and refused him a certificate of appealability on either issue.

## II.

To obtain a certificate of appealability, a habeas petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That means "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). The district court ruling must be either

2

"contrary to, or involve[] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "result[ ] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Harris v. Dinwiddie, 642 F.3d 902, 907 (10th Cir. 2011) (quoting 28 U.S.C. § 2254(d)).

### III.

Petitioner seeks to appeal only the district court's ruling that jurists of reason could disagree whether sufficient evidence existed for a jury to convict him of firearm possession pursuant to a felony and drug trafficking. Petitioner advances two arguments in favor of his position. First, he says "the state failed to prove that [he] had dominion or control of the items found on the side of the road" because "the items found were not in the location where [the officer] saw the items tossed from the vehicle."[1] Second, he argues that reasonable jurists could debate whether the district court was correct that "the inoperable pistol met the statutory definition of a pistol" because "it was a real pistol, not an immitation [sic] firearm as defined in 21 O.S. § 1289.3, which talks about fake pistols manufactured to appear real." (Emphasis omitted.)

The Fourteenth Amendment's due-process guarantee requires that "record evidence [] reasonably support[s] a finding of guilt beyond a reasonable doubt" for a jury

---

[1] Petitioner states the district court "never addressed this argument," but he made it with respect to his firearm conviction only in his reply brief rather than in his petition itself. As "[t]he general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief," the district court acted permissibly in not addressing the argument. Reedy v. Werholtz, 660 F.3d 1270, 1274 (10th Cir. 2011) (quoting M.D. Mark, Inc. v. Kerr–McGee Corp., 565 F.3d 753, 768 n.7 (10th Cir. 2009)).

to convict a defendant of a crime.  Jackson v. Virginia, 443 U.S. 307, 318 (1979).  In reviewing evidentiary insufficiency claims, a court must not "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt."  Id. at 318–19 (emphasis omitted) (quoting Woodby v. Immigr. & Naturalization Serv., 385 U.S. 276, 282 (1966)).  Rather, it asks "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Id. at 319 (emphasis omitted) (citing Johnson v. Louisiana, 406 U.S. 356, 362 (1972)).  In other words, "the court 'must decide whether there was sufficient evidence presented at trial for a reasonable jury, properly instructed, to have found [the essential elements of the crime] beyond a reasonable doubt.'"  United States v. Simpkins, 90 F.4th 1312, 1315–16 (10th Cir. 2024) (emphasis omitted) (quoting United States v. Wyatt, 964 F.3d 947, 951 (10th Cir. 2020)).  To succeed, therefore, Petitioner must show reasonable jurists could debate whether a rational jury could convict him of his crimes.

Neither of Petitioner's arguments meet this standard.  First, enough evidence existed for a reasonable jury to find that the two objects Plaintiff threw out his passenger-side window were the bag of methamphetamine and the loaded but inoperable gun.  Petitioner challenges the evidentiary sufficiency of the "dominion or control" element of both crimes for which he was convicted.  We interpret this argument to be the same constructive possession argument Petitioner made below.  Under Oklahoma law "[p]ossession itself means that the possessor has 'dominion and control.'"  Miller v. State, 579 P.2d 200, 202 (Okla. Crim. App. 1978) (quoting Brown v. State, 481 P.2d 475,

4

477 (Okla. Crim. App. 1971)).  That means "[p]roof of knowing possession of [prohibited substances and objects] is often solely circumstantial, and thus requires that guilt be determined through a series of inferences." Bivens v. State, 431 P.3d 985, 992 (Okla. Crim. App. 2018) (citing Johnson v. State, 764 P.2d 530, 532 (Okla. Crim. App. 1988)).  Thus, "[e]ven in the absence of proof of possession and exclusive control, constructive possession may still be proven if 'there are additional independent factors showing [the accused's] knowledge and control.'" Id. (quoting Johnson, 764 P.2d at 532).

The jury heard testimony from the officer that pursued Petitioner stating that he saw Petitioner throw two objects out of his passenger-side window.  It also heard testimony from the other officer stating that he found the bag of methamphetamine and the loaded gun that became the basis of the prosecution's case against Petitioner on the same street down which the first officer chased Petitioner's car.  The gun specifically had several indicia that indicated someone had recently thrown it there, such as the scuffing consistent with someone dropping it on concrete and the fact that the gun was warm and dry despite recent rains.  A jury could have reasonably inferred from this evidence the narrative the prosecution presented: that Petitioner had the gun and the drugs in his car, that he threw them out his car window once an officer pursued him, and that the second officer later recovered those same objects on the same street on which Petitioner threw them.  As constructive possession under Oklahoma law permits such "a series of inferences" demonstrating the accused's "knowledge and control" of the relevant

evidence, <u>Bivens</u>, 431 P.3d at 982, more than enough evidence existed for a reasonable jury to convict Petitioner of both crimes he challenges.

Second, the deferential stance associated with habeas review forbids resolving Petitioner's gun-operability argument in his favor. The Supreme Court has "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." <u>Hawes v. Pacheco</u>, 7 F.4th 1252, 1264 (10th Cir. 2021) (quoting <u>Bradshaw v. Richey</u>, 546 U.S. 74, 76 (2005) (per curiam)). Petitioner argues that he could not have been convicted of firearm possession because the gun the police found was "inoperable" and "not capable of firing," which fails to meet the relevant statute's definition of a firearm as being "any firearm capable of discharging single or multiple projectiles from a single round of ammunition," Okla. Stat. Ann. tit. 21, § 1289.3. Petitioner is mistaken. The statute covers real firearms and applies regardless of their operability rather than, as Petitioner argues, only to "fake pistols manufactured to appear real." The Oklahoma Court of Criminal Appeals, to which Petitioner appealed his conviction and which twice denied postconviction relief, already rejected this argument. The Oklahoma Court of Criminal Appeals' interpretation of this statute binds us, and, to the extent Petitioner argues that interpretation is wrong, he has no habeas-relief claim. <u>Boyd v. Ward</u>, 179 F.3d 904, 916 (10th Cir. 1999) ("To the extent [the petitioner] argues the state court erroneously interpreted and applied state law, that does not warrant habeas relief").

6

We DENY Petitioner a Certificate of Appealability, GRANT Petitioner's request to proceed in forma pauperis, and DISMISS this matter.[2]

Entered for the Court

Joel M. Carson III
Circuit Judge

---

[2] Petitioner moved to proceed in forma pauperis, declaring that he had only twenty dollars in his bank account. As he has therefore shown "a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," we grant his motion. McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997); see also 28 U.S.C. § 1915.